UTICA,
August, 1829.

Peltier
v.
Sewall.

---

PELTIER *vs.* SEWALL.

THIS was an action of *assumpsit*, tried at the New-York circuit in March, 1828, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The plaintiff was the shipper of the principal part of a cargo embarked on board a ship at New-York for Havre, and foreign port, principally freighted by B. on B. paying him the full price of the cotton; the shipment, however, to be made one half on account of A. and the remaining half on account of B. and on returns of sales coming to hand, A. to receive his share of the profits, or to pay his share of the loss, and the cotton was shipped by B. to his consignees abroad, *It was held,* that an action for *money paid* would not lie, A. being liable only in an action on the special agreement for a loss, if any sustained, in the sale of the cotton, and not for the total amount of the advance on his account.

Such agreement did not create a *partnership,* the parties were tenants in common in the article shipped.

Where A. agreed to furnish a certain number of bales of cotton towards completing the cargo of a vessel bound to a

UTICA,
August, 1829.

Peltier
v.
Sewall.

some additional freight being wanted to make out a full cargo, H. D. and E. B. Sewall, of whom the defendant is the survivor, were applied to by one Wood, the ship's husband, in May, 1825, to make a shipment by the vessel. The Messrs. Sewalls agreed to furnish sixteen bales of cotton, one half on their own account, provided Wood would procure an advance to them of $\frac{31}{100}$ per pound on the cotton, that being its price. The plaintiff agreed to make the advance, and it was then agreed that the cotton should be shipped to Havre, one half on the account of the Messrs. Sewalls, one quarter on account of Wood as representing the owners of the vessel, and the remaining fourth on account of the plaintiff, consigned to Peltier and brothers there, who were the brothers and correspondents of the plaintiff, and when the returns were received from France, the Messrs. Sewalls should receive their share of the profits or pay their share of the loss. The plaintiff paid the Messrs. Sewalls $1762,66, the price of the cotton, and it was laden on board the vessel. In the invoice it was stated that the cotton was shipped by the plaintiff for account and at the risk of the parties above named.

The plaintiff offered to prove an account of sales of the cotton received from the consignees, without offering to prove its verity; this was objected to, and the account was rejected. The plaintiff then said he would allow the defendant a credit on account of the sales, and would claim only a balance of $369,75 with interest and rested. The defendant moved for a nonsuit, because the action, if any, should have been brought on the special agreement, and that the plaintiff could not recover on the account for money paid, (the declaration containing only the common money counts,) and because a partnership existing between the parties an action at law could not be sustained. The judge refused the motion, and being of opinion that sufficient evidence had been given to submit the cause to the jury, left the same to them, who found a verdict for the plaintiff for $369,75. The defendant excepted to the decision of the judge. A motion was now made to set aside the verdict.

*R. Sedgwick,* for defendant.

*W. Slosson,* for plaintiff.

UTICA,
August, 1829.

Peltier
v.
Sewall.

*By the Court,* MARCY, J.   I am strongly inclined to think that the several persons concerned in this adventure, as respects each other at least, may be regarded as tenants in common, and the objection to sustaining the action arising from a supposed partnership is not well founded; but the first objection appears to me insurmountable.   The agreement was special.   The defendant was to furnish the cotton, and to be interested to the amount of one half, on condition that the pla'ntiff would advance the price for the whole, and when the returns of sales should be received from France, the defendant was to pay his share of the loss, in case there was a loss.   The clear intent of the parties was, that the plaintiff was to receive for his advance on the cotton the avails of it in France, and the defendant was to be called upon to pay only in the event of a loss.   This is evident from the fact that the consignees where the brothers and correspondents of the plaintiff, and the invoice stated the shipment to be made by the plaintiff on account and at the risk of the parties concerned in the adventure, and that he did actually receive the avails.

It will scarcely be pretended that the defendant could have been required, immediately after the advance was made, to pay the price of one half of the cotton; and if not then, when was he liable to pay? never in my judgment for the whole amount unless there had been a total loss of the property adventured.   His contract was to pay only for the loss, and not for the total amount of the advance on his account.   If there was a loss, the plaintiff should have declared for such loss, and to the extent of it he might have recovered.

New trial granted.