## PELTIER *vs.* SEWALL.

Where an article of merchandize e. g. cotton is bought to be ˌshipped to a foreign port for market, and the whole price is paid by the purchaser, but the vendor agrees to retain an *interest* to the amount of the one half of the cotton, which by the agreement of the parties is to be consigned to the correspondents of the purchaser at the foreign port, and returns to be made to him, and the cotton is sold at a loss, the vendor is liable to the purchaser for his proportion of the loss in an action at *law*, although no balance is struck between them, and no promise to pay is made.

The plaintiff in such case is entitled to recover under the *common counts*, and is not bound to declare specially.

The *account of sales* rendered by the consignees may be read in evidence without further proof, they being the common agents of the parties.

THIS was an action of *assumpsit*, tried at the New-York circuit, in September, 1831, before the Hon. OGDEN EDWARDS, one of the circuit judges.

On the trial of the cause, T. N. Wood, a witness for the plaintiff, testified that in *May*, 1825, he was ship's husband to the schooner Susan Miller, then lying in the port of *New-York*, bound on a voyage to *Havre*, in France; and had procured from the plaintiff a freight for the vessel, except to the amount of about 16 bales of cotton, which were required to fill her up. That he applied to the defendant, H. D. Sewall, and his partner, E. B. Sewall, (who has since died,) who had cotton, to ship it on board his vessel; and after some negotiation, it was agreed that the plaintiff should advance to the Messrs. Sewall the price or value of the cotton, at the rate of 31 cts. per pound; that the Messrs. Sewall should retain an interest of *one half* in the cotton, witness on account of his owners should take *one fourth*, and the plaintiff the remaining *fourth;* and that the cotton should be consigned to *Peltier and brothers*, at Havre, the correspondents of the plaintiff, for sale, and returns to be made to the plaintiff. The plaintiff accordingly advanced to the Messrs. Sewall the whole value of the cotton at the above price, amounting to $1763 88 cts. The cotton was shipped, the bill of lading and invoice stating the interests of the several parties; the vessel sailed, and the cotton was re-

ceived by the consignees at Havre, who sold the same, and in September, 1825, transmitted the returns and an account of sales to the plaintiff, exhibiting a loss upon the *advance* made by the plaintiff. The proportion of the loss falling upon the Messrs. Sewall, was $368,75, which they refused to pay, and the plaintiff brought this suit, declaring upon the *common counts* only. The account of sales proved to have been rendered by the consignees was read to the jury, although objected to by the defendant. The defendant moved that the plaintiff be non-suited, on the ground that he should have declared *specially* on the contract made between the parties ; which motion the judge overruled. The defendant then proved that three or four bales of the cotton were carrried on the deck of the vessel, and that shortly after she sailed, he and his partner expressed their dissatisfaction, and determination to have nothing further to do with the cotton ; but it was shown on the other side that the plaintiff had nothing to do with the loading of the vessel. The jury found a verdict for the plaintiff for $520,73, which the defendant now moves to set aside.

*D. D. Field & R. Sedgwick*, for the defendant.

*S. P. Staples*, for the plaintiff.

*By the Court*, SUTHERLAND, J. The principal question in this case is, whether the plaintiff can recover under the common money counts. The original contract between the parties was special, and the defendant contends ought to have been specially declared on ; and such appears to have been the opinion of this court when the case was formerly before it. 3 Wendell, 269. The distinction between an executed and an executory contract, does not appear to have been on that occasion sufficiently considered. As long as a special contract remains in force, neither performed nor rescinded, no recovery can be had under the general counts for any service performed under it ; the action must be upon the contract itself. 14 Johns. R. 326. 19 id. 205. But where the contract has been fully performed, and nothing remains to be done but the payment of money, the common courts are all that it is ne-

cessary to insert in the declaration; the special agreement need not be noticed in the pleading. So also, if the special agreement has been abandoned by the defendant, or the plaintiff has been prevented from performing it by the act of the defendant, or has performed it substantially, but not in strict conformity with the agreement, he may recover under the common counts for the labor or services actually rendered. Innumerable cases might be cited in support of these positions. Bull. N. P. 139, 40. *Cooke* v. *Munsline*, 4 Bos. & Pull. 354. 7 Johns. R. 172. 10 id. 36. 12 id. 274. 13 id. 56, 94, 359. 14 id. 326. 18 id. 169. 8 id. 439. *Jewell* v. *Schroeppel*, 4 Cowen, 564. 2 Saund. 350, n, 2. Str. 648. 2 T. R. 105. 6 Taunt. 322. 1 Holt, 236. 3 Com. Law R. 85. 2 Phil. Ev. 83, n. a. The supreme court of the U. S., in 7 Cranch, 303, say, we take it to be incontrovertibly settled that *indebitatus assumpsit* will lie to recover the stipulated price due on a special contract not under seal, where the contract has been completely executed; and that it is not in such case necessary to declare upon the special agreement. The case of *Hesketh* v. *Blanchard and another, executors of Robertson*, 4 East, 144, strongly resembles in its circumstances the case at bar, and shows conclusively that the general counts are sufficient in a case like this. The marginal note, which states the case correctly, is as follows: A. having neither money nor credit, offers to B., that if he will order with him certain goods to be shipped upon an adventure, if any profit should arise from them, B. should have half for his trouble. B. having lent his credit on this contract, and ordered the goods on their joint account, which were furnished accordingly, and afterwards paid for by B. alone, it was held that B. was entitled to recover back such payment in assumpsit against A., who had failed to account to him for the profits. It was also held, that as between themselves, such contract did not constitute them partners—having a bearing in this respect also upon another point in this case. The declaration here contained nothing but the general counts, and no objection appears to have been raised to it on that ground. It was conceded to be sufficient. The principal contract was considered as abandoned or rescinded by the defendant, leav-

ing him liable to the plaintiff as for goods sold and delivered to him. Here the special agreement, instead of being abandoned or rescinded, has been fully performed in all its parts, according to the original contemplation of the parties. The cotton has been sent to the port, and consigned to the house agreed upon ; it has been sold according to order, and an account of sales returned to the plaintiff, showing a loss upon the defendant's interest in the adventure of 360 odd dollars. Nothing remains to be done but the payment of this balance.

UTICA,
July, 1834.

Peltier
v.
Sewall.

The action may be considered as either brought for this balance, or for the original advance made by the plaintiff to the defendant for his share of the cotton, and which advance was to be repaid at the termination and close of the adventure. In either point of view, I think the common counts, upon the principles and authorities referred to, are all that the plaintiff's case required.

This was not a partnership transaction, as between the plaintiff and defendant ; however it might be as between them and third persons. It was a mode agreed upon, by which the defendant sold absolutely to the plaintiff one half of his cotton, and obtained an advance from him to the full value of the other half. The cotton was to be consigned by the plaintiff to his correspondents at Havre, to be disposed of by them, and the proceeds to be remittdd to the plaintiff, out of the defendant's share of which the plaintiff was to pay himself for his advances, if it proved sufficient. It was a special mode of payment agreed upon between the parties. Each of the parties had his own particular views and expectations of advantage from the arrangement. But I am persuaded it would be doing great violence to their intention, to hold them to have been partners in the transaction, and to attach to it all the consequences of that relation. The case of *Hesketh* v. *Blanchard*, 4 East, 144, already referred to, has a strong bearing on this point ; vide also *Venning* v. *Leckie*, 13 East, 6.

The account of sales received by the plaintiff from the consignees was properly admitted in evidence. They were the common agents of the parties, agreed upon at the commencement of the adventure.

New trial denied.