### SCHULZE v. FARRELL.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. WORK AND LABOR (§ 9*)—WORK UNDER EXPRESS CONTRACT.

Recovery can be had on the theory of indebitatus assumpsit for work done under a contract not under seal, unless plaintiff failed to fulfill the contract.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 23½; Dec. Dig. § 9.*]

2. WORK AND LABOR (§ 12*)—WORK DONE UNDER EXPRESS CONTRACT—PERFORMANCE—TIME.

That plaintiff did not complete a building contract by the stipulated time does not necessarily show that the contract was not performed, as affecting his right to recover on the theory of indebitatus assumpsit.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 27; Dec. Dig. § 12.*]

3. CONTRACTS (§ 213*)—PERFORMANCE—TIME.

A building contract providing for liquidated damages for noncompletion within a time limit may be deemed to permit performance at a later date.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 958; Dec. Dig. § 213.*]

4. WORK AND LABOR (§ 27*)—WORK DONE UNDER EXPRESS CONTRACT—CONTRACT AS EVIDENCE.

In an action for the value of work done under a building contract, the contract may be used on the trial to determine the rights of the parties.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 53; Dec. Dig. § 27.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

.5. TRIAL (§ 109\*)—THEORY OF ACTION—COUNSEL'S OPENING STATEMENT—EFFECT.

>  Abandonment of a cause of action on the theory of indebitatus assumpsit is not shown by plaintiff's counsel's statement on the opening that the action was on a building contract which provided that plaintiff should complete the work on a certain date or pay a daily penalty thereafter, that he was delayed beyond that time, but that the building was completed, that the architect so certified, that plaintiff was entitled to a balance, and that defendant claimed affirmative judgment for the penalty agreed upon.

>  [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 367, 388; Dec. Dig. § 109.\*]

>  Thomas, J. dissenting.

Appeal from Trial Term, Kings County.

Action by Frank Schulze against Hattie J. Farrell. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

See, also, 136 App. Div. 895, 120 N. Y. Supp. 1145.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, THOMAS, and JENKS, JJ.

Frederick W. Sparks, for appellant.

Abram I. Elkus (Herrick McClenthen, on the brief), for respondent.

JENKS, J. The plaintiff declared upon indebitatus assumpsit. On the opening his counsel said that the action was to recover a balance on a building contract, which contained provisions that the work was to be completed on the 1st of January, 1907, and that if the plaintiff did not furnish at that time he was to pay $50 for each day "he ran over the contract." He further said that the plaintiff was delayed so that the time was exceeded, that the building was finally completed, that the architect so certified, that, under the terms of the contract, the plaintiff was entitled to $3,800 balance due, that the defendant demurred to the demand and wanted to pay less, and "claims to deduct from the $3,800 not only the full amount, but claims a counterclaim of $2,200. He wants to recover　\*　\*　\*　$50 a day for 120 days overtime. I take it that will be the real question in the case, whether he is entitled to that or not." Thereupon, "on the opening of counsel," the defendant moved to dismiss "the complaint on the ground that the cause of action stated by the counsel in his opening is entirely different from that stated in the complaint." This motion was granted, the plaintiff was dismissed, and he now appeals from the judgment.

The count of indebitatus assumpsit sufficed to recover for work done under a contract not under seal, unless the plaintiff had failed to fulfill the contract. Hosley v. Black, 28 N. Y. 438; Farron v. Sherwood, 17 N. Y. 227; Higgins v. Newtown & Flushing Railroad Co., 66 N. Y. 604; Hurst v. Litchfield, 39 N. Y. 377; Publishing Co. v. Steamship Co., 148 N. Y. 39, 42 N. E. 514. The fact that the plaintiff did not complete the work by the stipulated time did not necessarily show that the contract had not been performed. That would depend upon the construction of the contract by the parties thereto. Anson's Law of Contracts, p. 344. If the contract provided for liq-

uidated damages for noncompletion within the time limit, it could be held that this provision contemplated performance at a later date than the stipulated period (Murphy v. United States Fidelity Co., 100 App. Div. 93, 91 N. Y. Supp. 582), and hence, notwithstanding the vitality of the provision for damages, the plaintiff could have performed his contract by a later date. In Lennon v. Smith, 124 N. Y. 578, 27 N. E. 243, the contract contained a provision for a penalty for time delay, and the defendant made claim therefore. The court said that the defendant could not repudiate the contract and at the same time rest a claim for damages upon it for the reason that in such case the contract is permitted to remain operative for the remedy and relief of both parties, and that any other view might work injustice. Under the complaint the contract could be used on the trial to determine the rights of the parties. Hartley v. Murtha, 5 App. Div. 408, 39 N. Y. Supp. 212, citing Hogan v. Laimbeer, 66 N. Y. 604; Shirk v. Brookfield, 77 App. Div. 299, 79 N. Y. Supp. 225; Boyd v. Vale, 84 App. Div. 416, 82 N. Y. Supp. 932. I do not gather from the opening that the plaintiff abandoned his theory of action. He referred to the contract that had existed between the parties, stated the particulars of the claim and of the opposition thereto; and his position was that the contract had been performed, and that naught remained, so far as the plaintiff's claim was concerned, but to recover the consideration therefor. The practice of the defendant, although of course recognized, is perilous, and the basis thereof is clearly defined. Hoffman House v. Foote, 172 N. Y. 348, 65 N. E. 169.

I think that the plaintiff's exception was well taken, and that the judgment must be reversed, and a new trial must be granted; costs to abide the event.

HIRSCHBERG, P. J., and WOODWARD and RICH, JJ., concur. THOMAS, J., dissents.