### LUDWIG v. PUSEY & JONES CO.

(Supreme Court, Appellate Division, First Department. March 10, 1911.)

1. ATTACHMENT (§ 103*)—AFFIDAVIT—SUFFICIENCY.

A complaint and affidavit setting up a cause of action for work, labor, services, and materials furnished and money expended incidental thereto, "of the reasonable value and agreed price" of a stated amount, was sufficient to support an attachment, without a further showing as to the amount of the damages, as the claim as presented is a liquidated one.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 275; Dec. Dig. § 103.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. ASSUMPSIT, ACTION OF (§ 6*)—GROUND—EFFECT OF EXPRESS CONTRACT.**

A party to an express contract need not declare specially on the contract, but may maintain an action of indebitatus assumpsit.

[Ed. Note.—For other cases, see Assumpsit, Action of, Cent. Dig. §§ 27–36; Dec. Dig. § 6.*]

**3. ATTACHMENT (§ 248*)—MOTION TO VACATE—SCOPE OF INQUIRY.**

On a motion to vacate an attachment, the complaint is not to be tested as on a demurrer, nor is a trial on the merits to be had.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 858–860; Dec. Dig. § 248.*]

Appeal from Special Term, New York County.

Action by Ralph C. Ludwig against the Pusey & Jones Company. From an order of the Special Term, vacating an attachment, plaintiff appeals. Reversed, and motion denied.

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Otto C. Sommerich, for appellant.

Perry Allen, for respondent.

MILLER, J. The ground of the attachment is that the defendant is a foreign corporation. The warrant was granted upon a complaint and an affidavit, which state that "the plaintiff, at the special instance and request of the defendant, performed certain work, labor, and services, and furnished materials to the defendant, and expended moneys incidental thereto in behalf of the defendant, of the reasonable value and agreed price of $10,928.49," and that no part thereof has been paid, except the sum of $9,397.37, leaving due and owing the sum of $1,531.12, which the plaintiff says he is entitled to recover from the defendant over and above all counterclaims known to him. There can be no doubt that sufficient facts were stated to give the court jurisdiction to grant the warrant. While there is no proof of the amount of damages in addition to the statements above referred to, further proof is not necessary where the claim is for liquidated damages, and the claim is for services and materials "of the reasonable value and agreed price" of $10,928.49.

The motion was made upon additional papers, from which it appeared that the plaintiff and the defendant entered into a written agreement on the 19th of May, 1910, whereby the plaintiff, as master, undertook to furnish officers and crew, provisions, water, machine oil, and coal required, and to deliver a towing steamer to the port of Ancon in the Canal Zone, for which the defendant agreed to pay the sum of $7,992 and "all expenses for repairs occasioned through accidents, an act of God, or breakdown of machinery"; that the plaintiff had to put in port for repairs at the Barbadoes, Montevideo and Callao; that the defendant has paid the stipulated contract price and the expenses for repairs; and that the principal items of the plaintiff's claim are for maintenance and wages of the crew and incidental expenses, while the vessel was being repaired as aforesaid. The plaintiff concedes the making of the written contract, but asserts that by maritime custom the word "repairs," as used in the contract, includes maintenance

---

and wages of the crew and incidental expenses while the repairs are being made; that said expenses were incurred with the consent, approval, and direction of one Taggert, who was sent along by the defendant as its special representative, with whom the plaintiff was to confer with respect to said matters; that the repairs were occasioned by unseaworthiness of the vessel; and that the defendant impliedly and expressly represented that the vessel was seaworthy. An itemized statement of the expenses was furnished the defendant, and a copy thereof was attached to the moving papers. The plaintiff swears that the expenses therein charged for were incurred by him.

As the papers upon which the warrant was granted were sufficient upon their face to justify the granting of it, the question is now to be disposed of upon the entire record presented to the court. It is claimed that the plaintiff has declared on an implied contract, whereas the conceded fact is that there was an express contract. But it is settled by a long line of authorities in this state that the plaintiff is not bound to declare specially upon the express contract, but that the count of indebitatus assumpsit suffices. See Schulze v. Farrell (Sup.) 126 N. Y. Supp. 679, and cases cited by Mr. Justice Jenks.

The plaintiff suggests three possible theories of recovery: (1) On the implied assumpsit of the defendant to pay according to the express contract; ·the word "repairs" being construed, according to maritime custom, to include wages and maintenance of crew and incidental expenses while the repairs were being made. (2) On an implied contract to pay the expenses incurred on account of the unseaworthiness of the vessel, arising from the representation that the vessel was seaworthy. (3) On the implied contract to pay for the expenses incurred at the request of the defendant's agent. We do not now pass upon the right to recover upon either of those theories. On a motion to vacate an attachment the complaint is not to be tested as on a demurrer, nor is a trial on the merits to be had. Jones v. Hygienic Soap Co., 110 App. Div. 331, 97 N. Y. Supp. 104. The papers show sufficient basis to support the attachment. As the defendant is a foreign corporation, it may be that the plaintiff can proceed in this jurisdiction only by attachment.

The order should be reversed, with $10 costs and disbursements, and the motion denied. All concur.