A. D. GRANGER COMPANY, Respondent, *v.* BROWN-KETCHAM IRON WORKS, Appellant.

Building contract — when contract provides for payment "after written acceptance by architect," such acceptance is a condition precedent and such condition, or a waiver thereof, must be pleaded and proved.

A contract for material to be placed in a building contained this provision: "Terms, net cash. Immediate payment after written acceptance by the Architect." The complaint made no mention of this provision and the plaintiff failed to prove any written acceptance of any of the material by the architect prior to the commencement of the action. Although there was no allegation of waiver in the complaint, the court left it to the jury to say whether the proof did not establish a waiver of this requirement of the contract. *Held*, that a written acceptance by the architect was a condition precedent to the right to any payment under the contract; that a

waiver of this condition was not provable because it had not been pleaded, and that an acceptance or certificate, issued after suit brought, could not relate back so as to place the defendant in default.

*Granger Co.* v. *Brown-Ketcham Iron Works*, 138 App. Div. 909, reversed.

(Argued December 20, 1911; decided January 23, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 1, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Norman B. Beecher* and *Warren Cunningham* for appellant. The contract made the presentation of the architect's certificate a condition precedent to payment, and the architect's certificate which was received was not competent evidence of the performance of such condition. (*Thomas* v. *Scutt*, 127 N. Y. 133; *Ruse* v. *M. B. Life Ins. Co.*, 23 N. Y. 516; *Wilson* v. *Deen*, 74 N. Y. 531; *Fowler* v. *M. L. Ins. Co.*, 116 N. Y. 389; *Mott* v. *Richtmyer*, 57 N. Y. 49; *Byron* v. *Low*, 109 N. Y. 291; *Smith* v. *Brady*, 17 N. Y. 173; *Diehl* v. *Schmalacker*, 26 Misc. Rep. 835; 30 Misc. Rep. 786; *Weeks* v. *O'Brien*, 141 N. Y. 199 ; *Connolly* v. *Hyams*, 47 App. Div. 592; *Excelsior Co.* v. *Harde*, 90 App. Div. 4; 181 N. Y. 11; *Wangler* v. *Swift*, 90 N. Y. 38.) No waiver of the architect's certificate having been pleaded it was error to receive evidence of such waiver and to submit the question of waiver to the jury. (*Weeks* v. *O'Brien*, 141 N. Y. 199; *Bossert* v. *Poerschke*, 51 App. Div. 381; *Dwyer* v. *Mayor, etc.*, 77 App. Div. 224; *Traitel* v. *Ouscani*, 51 Misc. Rep. 667; *Rowe* v. *Gerry*, 86 App. Div. 349; *Bjorkegren* v. *Kirk*, 53 Misc. Rep. 560.)

*William J. Martin* for respondent. The contract did not make the presentation of an architect's certificate a

condition precedent to payment. (*Tilt* v. *L. S. Mfg. Co.*, 5 Daly, 19; Bishop on Cont. 129, § 323; *Hamilton* v. *Patrick*, 62 Hun, 74; 149 N. Y. 580; *Dent* v. *N. A. S. S. Co.*, 49 N. Y. 390; *Howells* v. *Strook*, 50 App. Div. 344; *Farmer* v. *Medico Legal Journal*, 25 N. Y. S. R. 940; *B. L. Ins. Co.* v. *Dutcher*, 95 U. S. 269; *Seymour* v. *Warren*, 179 N. Y. 1, 6; *Fox* v. *Coggeshall*, 95 App. Div. 410; *Nicoll* v. *Sands*, 131 N. Y. 19; *Woolsey* v. *Funke*, 121 N. Y. 87; *Camardella* v. *Holmes*, 97 App. Div. 120; *U. & D. B. S. Co.* v. *Carlin*, 69 App. Div. 426.) Even if the contract made the production of an architect's certificate a condition precedent, defendant's officers having stated in their letters their conversations and their pleadings as the sole grounds of their non-payment of plaintiff's claim that the goods delivered did not conform to specifications and were not delivered as desired, they cannot now be heard to urge the absence of an architect's certificate as a defense. They stated their ground for refusal to pay and are limited to the ground so stated. (*Littlejohn* v. *Shaw*, 159 N. Y. 191; *Hill* v. *Blake*, 97 N. Y. 216; *Railway Co.* v. *McCarthy*, 96 U. S. 267; *K. U. L. Ins. Co.* v. *Burman*, 141 Fed. Rep. 842; *Browne* v. *Patterson*, 165 N. Y. 460; *Hess* v. *Kaufherr*, 128 App. Div. 526; *Bradley* v. *Cole*, 6 Hun, 660; *Gould* v. *Banks*, 8 Wend, 562; *Rochevot* v. *Wolf*, 96 App. Div. 506; *Knox* v. *Schoenthal*, 13 N. Y. Supp. 7; *Keswick* v. *Rafter*, 35 App. Div. 508; 165 N. Y. 653; *O. S. M. Co.* v. *Wolfe Co.*, 118 Fed. Rep. 239.)

WILLARD BARTLETT, J. This suit was brought to recover a balance alleged to be due under a contract in writing whereby the plaintiff corporation agreed to sell and deliver and the defendant corporation agreed to purchase and receive certain vault linings to be placed in the Essex county court house at Newark, New Jersey. There is some dispute as to whether the contract was embodied in a single letter or in a series of letters, but

whichever be the fact, it is clear that it contained this provision: "Terms, net cash. Immediate payment after written acceptance by the Architect." The architect thus referred to was Mr. Cass Gilbert, who was employed by Essex county to supervise the erection of the court house.

The complaint made no mention of the provision respecting payment which I have quoted. It alleged that the plaintiff delivered the vault linings therein specified, and that they were accepted by the defendant and were used and incorporated in the work. The answer denied that they were accepted or were used or incorporated in the work, except after being repaired and altered; and there was a counterclaim for the expense of repair and alteration.

The plaintiff utterly failed to prove any written acceptance of any of the vault linings by the architect prior to the commencement of the action. Over the objection and exception of the defendant it was allowed to introduce in evidence a certificate by Mr. Cass Gilbert, dated August 16, 1906, eighteen months after the suit was brought, stating that the contractors for the construction of the Essex county court house were entitled to the forty-fourth payment on their contract. There was nothing on the face of this paper to show that it covered the vault linings which were the subject of the contract between the parties to this action. "As I understand the law," said the learned trial judge in charging the jury, "that certificate, although issued after the action was commenced but also after the work was completed, is competent evidence, and I, therefore, overruled the objections of the defendant and allowed it in evidence." To this instruction the defendant duly excepted. Although there was no allegation or suggestion of waiver in the complaint, the court also left it to the jury to say whether the proof did not establish a waiver of the requirement of the contract that a written acceptance or

certificate by the architect should be necessary to entitle the plaintiff to payment. The point that a written acceptance by the architect was a condition precedent to the right to any payment under the contract, and that a waiver of this condition was not provable because it had not been pleaded, was further brought distinctly to the attention of the trial judge by appropriate requests to charge and exceptions to his refusal to charge as requested.

It requires but little discussion to show that this point was well taken and should have been deemed fatal to any recovery by the plaintiff in the present form of the pleadings. The contract prescribed a condition precedent, to wit, a written acceptance of the vault linings by the architect of the Essex county court house, to entitle the plaintiff to payment therefor. No such written acceptance had been given up to the time of the commencement of the action. When the suit was begun, therefore, the plaintiff's case was fatally defective in an element essential to make out a cause of action under the contract. The contract did not obligate the defendant to pay until the written acceptance had been obtained; consequently there was no obligation to pay when the action was commenced. The subsequent acceptance or certificate, issued many months afterward, could not relate back so as to place the defendant in default. It was wholly irrelevant, and the court erred in receiving it and in instructing the jury that they might treat it as timely. In an action at law, the status of the parties is to be considered as it existed when the suit was begun, unless changed conditions have been brought before the court by means of supplemental pleadings, which was not the case here.

In the case of *Weeks* v. *O'Brien* (141 N. Y. 199, 202) the action was brought upon a building contract, which prescribed that the plaintiff should procure the certificate of the architect that the building had been completed to entitle him to receive the last installment. "To meet this condition," said the court, "and to show a right of

action it should have been averred in the complaint, either generally or specially, that the conditions precedent had been performed, or if the plaintiff relied upon a matter excusing him from procuring the certificate, the facts should have been stated. The complaint neither averred that the certificate had been procured nor that it was unreasonably withheld." So in the present case, the complaint neither alleged that there had been a written acceptance of the vault linings by the architect nor that the right of the defendant to insist upon such written acceptance had been waived.

The evidence which the trial judge allowed the jury to consider as establishing a waiver, notwithstanding that no waiver had been pleaded, was received over the objection and exception of the defendant; and appropriate exception was also taken to the instructions to the jury on this subject.

The errors which have been pointed out cannot be disregarded as immaterial. It is obvious that they not only affected but controlled the result. It follows that the judgment must be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment reversed, etc.