KRONAN v. WEISBERG.

(Supreme Court, Appellate Division, Third Department.  May 8, 1912.)

1. WORK AND LABOR (§ 9*)—EFFECT OF EXPRESS CONTRACT.

   A party performing work for another under a special contract may sue therefor on the common count for work, labor, and services, leaving the defendant, if in doubt as to the facts relied on, to make a motion for a bill of particulars, or to require the complaint to be made definite and certain.

   [Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 23, 24; Dec. Dig. § 9.*]

2. WORK AND LABOR (§ 27*)—EVIDENCE—SPECIAL CONTRACT.

   In an action on the common count for work, labor, and services, a special contract is admissible in evidence to prove the request to do the work and fix its value.

   [Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 50–54; Dec. Dig. § 27.*]

Appeal from Albany County Court.

Action by Henry Kronan, Jr., against Bertha L. Weisberg, brought in the Albany City Court.  From a judgment for plaintiff, affirmed by the County Court, defendant appeals.  Affirmed.

Argued before SMITH, P. J., and KELLOGG, BETTS, HOUGHTON, and LYON, JJ.

Charles M. Stern, of Albany (M. H. Nellis, of Albany, of counsel), for appellant.

Robert H. McCormic, of Albany, for respondent.

JOHN M. KELLOGG, J.  The pleadings were evidently oral.  The plaintiff "complains for work, labor, and services and material furnished under a contract with the defendant, claims $1,000."  The answer is a general denial, and the defendant demands a bill of particulars, which was furnished.

The work was, in fact, done under a contract which was to be completed on or before October 1st according to the specifications and drawings, and payment was only to be made upon the certificate of the architect.  The work was completed December 17th.  The architect's certificate was not furnished.  The evidence indicated that the certificate of the architect was withheld at the request of the defendant, and that the time limit was extended or waived, and that the conduct had been fully performed as it was modified by mutual consent during the work.  The evidence fairly sustains the recovery on the theory that the contract had been performed, as modified.

[1, 2] The defendant objected, in various forms, that the complaint would not permit a recovery on a special contract; that the complaint should allege the contract and its performance, if performed; if modified, it should also allege the modifications, and that it was performed as modified; and that the complaint should excuse the failure to furnish the certificate of the architect.  These objections were overruled.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The pleader had the choice to allege the special contract and its performance or rely upon the common count for work, labor, and services. "The plaintiff has stated the facts constituting the cause of action, not as they actually existed, but according to their legal effect. In most cases either mode of pleading at the option of the party is correct." Publishing Co. v. Steamship Co., 148 N. Y. 39, 41, 42 N. E. 514.

If the defendant is in doubt as to the facts relied upon, he may protect himself by requiring that the pleading be made more definite and certain or that a bill of particulars be furnished. The plaintiff may rely upon the special contract or upon the implied promise to pay which the law raises after he has performed what he has agreed to do, and has become entitled to the compensation. 9 Cyc. 685; Farron v. Sherwood, 17 N. Y. 227; Higgins v. Newtown & Flushing Railroad Company, 66 N. Y. 604; Fells v. Vestvali, *41 N. Y. 152; Rubin v. Cohen, 129 App. Div. 395, 397, 113 N. Y. Supp. 843; Peltier v. Sewell, 12 Wend. 386; Schulze v. Farrell, 142 App. Div. 13, 126 N. Y. Supp. 678; Boyd v. Vale, 84 App. Div. 414, 82 N. Y. Supp. 932.

The rule that the pleader need not state the facts as they actually exist, but may state the legal effect of them, is well illustrated in Goodman v. Alexander, 165 N. Y. 289, 59 N. E. 145, 55 L. R. A. 781, and Hatch v. Leonard, 165 N. Y. 435, 59 N. E. 270.

The plaintiff's case here is well within the Higgins Case, supra. In that case the estimates of the defendant's engineer were to be paid, but the plaintiff was permitted to show that he had requested the defendant to have its engineer make estimates and that it had neglected or declined so to do.

In the Schulze Case, supra, the contract was evidently modified and performed as modified.

I think the rule is well stated in Peltier v. Sewell, supra, 12 Wend. 388:

"So, also, if the special agreement has been abandoned by the defendant, or the plaintiff has been prevented from performing it by the act of the defendant, or has performed it substantially, but not in strict conformity with the agreement, he may recover under the common counts for the labor or services actually rendered. Innumerable cases might be cited in support of these positions."

"If the plaintiff was entitled to recover at all, it was on the ground that the services had actually been rendered; and, after the complete performance of an express contract, there is no reason why a recovery may not be had under this form of pleading. The only effect in such a case of proof of an express contract fixing the price is that the stipulated price becomes the 'quantum meruit' in the case. It is not a question of variance, but only of the mode of proof of the allegations of the pleading." Fells v. Vestvali, supra.

Granger Co. v. B. K. Iron Works, 204 N. Y. 218, 97 N. E. 523, and Weeks v. O'Brien, 141 N. Y. 199, 36 N. E. 185, are not in conflict with these views. In those cases the plaintiff alleged the special contracts and performance in full (see record on appeal in Granger Co. Case), and the court held the familiar rule that under an allegation of performance of a contract it was not permissible to show nonperformance and excuses for nonperformance. They rest upon the

familiar rule that a recovery must be consistent with the cause of action alleged, and do not touch the question whether an action may be brought upon the general counts where a contract has been fully performed.

The plaintiff, therefore, properly brought his action upon the common counts using the contract as the proof of the request to do the work and to fix the value. The evidence being admissible under the complaint it becomes unnecessary to consider the effect of the amendment made at the close of the case to conform the complaint to the proofs.

The judgment should therefore be affirmed, with costs. All concur, SMITH, P. J., in result.