HOISTING MACHINERY COMPANY, Respondent, *v.* FEDERAL TERRA COTTA COMPANY, Appellant.

First Department, October 26, 1917.

Sale — written contract no bar to recovery upon quantum valebat — provision as to approval of buyer's engineer — waiver by acceptance and use of material without objection — dismissal of counterclaim — erroneous charge as to obligations of one furnishing material to be erected by another contractor — when erroneous charge immaterial because of proper verdict — contract construed — when duties of plaintiff's agent advisory only — damages — erroneous allowance of interest.

Although materials were furnished by the plaintiff to the defendant under a written contract the plaintiff may ignore the contract and recover upon a *quantum valebat.*

Although the contract under which the materials were furnished provided that the work when completed should be approved as to workmanship and material by the defendant's engineer before final payment, proof of such approval was unnecessary where the plaintiff has established that he furnished the materials and that they were accepted and used by the defendant whose engineer expressed no disapproval and especially so where the jury were justified in finding that the materials were substantially in conformity with the contract.

As the jury were justified in finding that the materials delivered by the plaintiff were not defective and that the defendant waived a delay, it is immaterial that the defendant's counterclaim for damages by reason of defective materials was dismissed by the court.

Where the contract with the plaintiff only required it to furnish certain materials to be used in the construction of a monorail system which was to be actually built by another contractor, it was error for the court to charge in effect that the plaintiff cannot recover if it failed to produce evidence that the defendant's engineer had inspected and approved the monorail system.

Where a jury has ignored an erroneous charge made on special request but has arrived at a verdict in accordance with the rules of law properly laid down in the main charge the verdict will not be disturbed because of such error.

As the plaintiff was only to furnish certain materials and the monorail system was to be erected by another contractor a distinction should be made between the obligations of the plaintiff and those of the other contractor and the plaintiff is entitled to recover where the materials furnished were proper if the failure of the system was caused by the method of its erection and by the use of improper materials furnished by persons other than the plaintiff.

Under the circumstances a clause in the plaintiff's contract providing that the plaintiff's engineer would supervise and assist in putting up the work must be construed to give said engineer advisory powers only, and the recovery cannot be defeated because of the alleged negligence of said engineer when the issue was not raised in the pleading, or submitted to the jury, and no request for such submission was made.

In an action upon a *quantum valebat* for goods sold and delivered where there has been no account stated it must be treated as an unliquidated account and will not bear interest.

*Held,* that the defendant is entitled to a reargument as to the improper inclusion of interest in the plaintiff's judgment.

Where it is impossible from the record to tell how much was allowed by the jury by way of interest a new trial will be granted unless the plaintiff stipulates to reduce the verdict by the amount of interest which the jury may have allowed.

MOTION by the defendant, Federal Terra Cotta Company, for a reargument or for leave to go to the Court of Appeals.

*William W. Niles*, for the motion.

*J. Ard Haughwout*, opposed.

SMITH, J.:

The plaintiff has sued the defendant for the value of materials furnished, which materials were to be used for a complete monorail system in the defendant's yards. The claim of the defendant is, first, that these materials were furnished under a written contract and that the plaintiff, therefore, cannot recover, ignoring such contract, upon a *quantum valebat*. The rule has been otherwise held in *Kronau* v. *Weisburg* (151 App. Div. 355); *Schulze* v. *Farrell* (142 id. 13); *Farron* v. *Sherwood* (17 N. Y. 227); *Peltier* v. *Sewall* (12 Wend. 386); *Higgins* v. *Newtown & Flushing R. R. Co.* (66 N. Y. 604); *Dermott* v. *Jones* (69 U. S. [2 Wall.] 1).

It is further contended that the plaintiff cannot recover because these materials were furnished under a contract which provided that " The entire work carried out under these specifications shall be finally passed and approved as to workmanship and material by Mr. William D. Frerechs, engineer representing the party of the second part, before final payment is made under this contract. It is understood that inspection is to be made not later than thirty (30) days after all material has been delivered; " and that such approval was not shown. Plaintiff has shown the furnishing of the materials and their acceptance and use by the defendant and the failure of the engineer to express disapproval thereof. In the face of this acceptance and use it cannot be material whether the engineer did or did not approve of the workmanship and materials, especially in view of the finding of the jury that this workmanship and materials were substantially in conformity with the contract.

The defendant again complains that its counterclaim for damages by reason of defective and improper material, and for the delay in performance, was dismissed by the court. In view of the finding of the jury that the material was not defective and that the defendant waived the delay, it is difficult to see what harm has been done to the defendant, even though technical error was committed in dismissing the counterclaim.

First Department, October, 1917.          [Vol. 179.

Again, the court charges the jury upon defendant's request, that " The plaintiff having failed to produce any evidence that Mr. Frerechs had inspected and approved the monorail system as required by the specifications, or that he had arbitrarily and unwarrantably refused to furnish the same, it cannot in this action recover the final payment $2,120." The contract of the plaintiff was not to furnish a monorail system, but was to furnish certain material to be used in such a system. The request to charge was clearly improper and should not have been granted. It was evidently inadvertently granted after the main charge in passing upon certain requests, and while the jury has ignored an erroneous instruction of the court in response to special request, and arrived at a verdict in accordance with the rules of law properly laid down in the main charge, the verdict should not be disturbed for such reason.

There is much confusion in the case arising out of the failure to distinguish between a contract to furnish a complete monorail system and a contract to furnish certain material which was to be used in erecting such a system. The material to be furnished was simply iron work and the electrical work therefor. The system was to be erected by another contractor, and the jury were well justified in finding that the failure of the system arose from its method of erection and from the use of improper material in such erection other than that furnished by the plaintiff. It is provided in the contract between the plaintiff and defendant that the plaintiff's engineer would supervise and give all assistance possible in putting up this system. This contract must be construed to give the plaintiff's engineer advisory powers only. This construction seems to me necessitated by several facts. First, the approval to be given by Frerechs, the defendant's engineer, was an approval of the work " carried out *under these specifications,*" which specifications simply referred to the specific material that was to be furnished. Again, the inspection was to be made thirty days after the furnishing of the material, which might be a considerable time before the construction of the monorail system therewith. Again, the contract for the erection was made with a third party, and it was in such contract provided that the erection should be *under his super-*

*intendence* and his final payment was not to be made until thirty days " after the delivery of the work in running order and to the satisfaction of the company." Again, the plaintiff's negligence in supervision is not in the case, because, *first*, the issue was not raised in the pleadings; *second*, no such issue was submitted to the jury, and *third*, no such issue was requested to be submitted to the jury. In the contract with Baechtold for the erection of the monorail system there was no reservation of any right of the plaintiff to supervise or direct in reference thereto.

The defendant's misconception, as I view it, is in reading into the contract an obligation on the part of the plaintiff to furnish a complete monorail system, while its only obligation thereunder was to furnish certain material therefor, which the jury has found to have been furnished.

Once more, the defendant complains that interest should not have been allowed the plaintiff. It is conceded in the respondent's brief that the verdict included some $496.19 of interest. The amount of the plaintiff's claim was $3,039.99. The interest reckoned and submitted to the jury was $996.19, making a total of $4,036.18. The verdict rendered was $3,536.18, which apparently was a deduction of $500 from the amount claimed and interest. In an action upon *quantum valebat* for goods sold and delivered where there has been no account stated, it would seem as though the account must be treated as unliquidated and could not bear interest. (*Delafield* v. *Village of Westfield*, 41 App. Div. 24; affd., 169 N. Y. 582; *Anthony* v. *Moore & Munger Co.*, 135 App. Div. 203; *Excelsior Terra Cotta Co.* v. *Harde*, 181 N. Y. 11; *Sweeny* v. *City of New York*, 173 id. 414.) Inasmuch as the inclusion of interest in the verdict would, therefore, seem to have been improper, the defendant is entitled to a reargument upon this question of the right to include interest in the verdict, and the motion is granted. And the questions having been fully reargued upon the briefs, we hold that inasmuch as it is impossible to tell from the record on appeal how much the jury allowed by way of interest, a new trial is granted, unless the plaintiff will stipulate to reduce the verdict by the sum of $996.19, which is the amount of interest that may have

entered into such verdict. If the plaintiff will so stipulate, the judgment may be modified in accordance therewith and, as modified, affirmed, without costs to either party.

CLARKE, P. J., SCOTT, DOWLING and PAGE, JJ., concurred.

Motion granted and new trial ordered, unless plaintiff stipulates to reduce verdict by the sum of $996.19, in which event the judgment as so modified is affirmed, without costs. Order to be settled on notice.