### (March 28, 1960)

■ GEORGE ANNUNZIATA, Respondent, v. EDWARD G. FAVA, Appellant.— In an action to recover $1,750 paid pursuant to an oral contract, the appeal is from a judgment of the City Court of Mount Vernon in favor of respondent, entered on the verdict of a jury for $1,750, less $47.32 concededly due to appellant. It was alleged in the complaint that respondent orally agreed to lend $1,750 to appellant for the purpose of constructing office space in premises owned by appellant and to be occupied by respondent as a tenant, the money loaned to be repaid by allowing respondent to occupy such space as a tenant at a rental of $125 a month, to be credited by respondent against the money loaned until the loan should be fully repaid. By his first and third counterclaims, appellant sought to recover damages for breach of an oral agreement to the effect that respondent and his former partners should pay $3,500 to appellant as advance rent to be used to construct the office space for which respondent and his partners should pay $100 a month rent, of which $50 should be credited against the advance rent, and respondent and his partners would pay, in addition to the sum advanced as rent, all additional expenses incurred by appellant in the performance of the alteration work necessary to construct the office space. Appellant concedes that the agreement contemplated an oral lease for a term of 70 months. The second counterclaim sought damages for the alleged failure of respondent to procure for appellant a workmen's compensation insurance policy, for which purpose appellant had advanced $148.28 to respondent. On the trial, appellant was credited with $47.32 on account of a refund of a portion of this premium, which respondent conceded to be due appellant. Appellant contends that the Trial Judge erred in dismissing the three counterclaims and in permitting argument on the motions to dismiss and ruling thereon in the presence of the jury. Judgment, insofar as it dismisses the second counterclaim to the extent of $100.96, reversed, action severed with respect to the issues raised by such counterclaim and the reply thereto, and a

new trial ordered as to such issues, with costs to abide the event, and judgment otherwise affirmed, without costs, unless respondent, within 20 days after the handing down of this decision, stipulate to reduce the amount of the verdict by $100.96, in which event the judgment as so reduced is affirmed, without costs. In our opinion, the first and third counterclaims were properly dismissed. Since the agreement alleged therein was not in writing and was for the leasing of real property for a longer period than one year and there was concededly no note or memorandum thereof as required by law (Real Property Law, § 259), the promise alleged to have been made by respondent to pay all expenses incurred was part of an entire, indivisible contract, and the causes of action pleaded would not be established without proof of the agreement to rent, which violated the Statute of Frauds (cf. *Dung* v. *Parker*, 52 N. Y. 494, 496–497; *Redlark Realty Corp.* v. *Minkin*, 306 N. Y. 762; *De Beerski* v. *Paige*, 36 N. Y. 537). In any event, if it be assumed that it was error to dismiss the counterclaims, it is difficult to see how the error affected any of appellant's substantial rights. Appellant, pursuant to the denials contained in his answer, was permitted to adduce the same evidence by way of defense as he would have adduced in support of the counterclaims, and the jury was instructed that if they found that the agreement between the parties was as contended by appellant and had been breached by respondent, their verdict was to be in favor of appellant. Implicit in the jury's verdict is a finding that the agreement was as alleged by respondent, and not as alleged by appellant (cf. *Hoisting Mach. Co.* v. *Federal Terra Cotta Co.*, 179 App. Div. 653, 655). It is our opinion, however, that questions of fact were presented with respect to the second counterclaim, which should have been submitted to the jury for consideration, and that appellant is entitled to a new trial of the issues raised with respect to that counterclaim, unless respondent shall consent to a reduction of $100.96, the maximum amount which appellant may recover thereon. Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur. Settle order on notice.