JOSEPH FELLS, Respondent, *v.* FELICITA VESTVALI and HENRY VESTVALI, Appellants.

Under a complaint on a *quantum meruit* for services rendered, where a specific contract is proved fixing the price for the services, the stipulated price becomes the *quantum meruit* in the case.

ACTION upon a *quantum meruit* for services alleged to have been rendered by the plaintiff for defendants. It was tried at the October Circuit, 1858, by Mr. JUSTICE CLERKE and a jury. The plaintiff gave evidence tending to show a joint retainer on the part of defendants of him as their agent, the length of time he was so employed, and the value of his services. The defendants gave evidence tending to disprove the alleged joint retainer or any retainer, as agent and also tending to show a settlement between the parties, and payment of whatever services had been rendered. At the close of the evidence on both sides, the defendants' counsel moved for a dismissal of the complaint on the grounds:

" 1. That the evidence showed no joint cause of action against defendants.

" 2. That if the evidence showed any cause of action, it showed that there was a contract at two hundred dollars per month; that the complaint was *quantum meruit*, and that the plaintiff could not recover in an action of *quantum meruit* by proving an express contract, that there was a fatal variance between the complaint and the proof.

" 3. That the proof showed a full and final settlement, and that plaintiff had failed wholly to show any mistake or error in the settlement."

The court refused to dismiss the complaint, and defendants' counsel duly excepted.

The court submitted the questions of fact to the jury, who gave a verdict for the plaintiff.

The judgment entered on the verdict having been affirmed by the General Term of the first district the defendants appealed to this court.

*H. Morrison*, for the respondents.

DAVIS, J.    There was no error committed by the court at the trial.    On the question of joint liability of defendants the evidence was conflicting but by no means conclusive on either side.    The plaintiff gave enough evidence tending to prove a joint employment to entitle him to go to the jury on that question.    It was not the duty of the court to do otherwise than submit the question as one of fact to the jury; and there is no complaint but that this was fairly done.

On the issue as to a settlement between the parties the same remarks are applicable.    The conflicting evidence presented no legal proposition for the determination of the court, and the court charged the jury that the question whether there had been a final settlement between the parties was one for them to determine upon the evidence before them.

The other proposition, to wit, whether there could be a recovery under a complaint on a *quantum meruit* where the proof tended to show an express contract at a fixed price, was, under the evidence in this case, wholly destitute of merit.    If the plaintiff was entitled to recover at all, it was on the ground that the services had actually been rendered; and after the complete performance of an express contract there is no reason why a recovery may not be had under this form of pleading.    The only effect in such a case of proof of an express contract fixing the price is, that the stipulated price becomes the "*quantum meruit*" in the case.    It is not a question of variance, but only of the mode of proof of the allegations of the pleading.

There were, therefore, no grounds for this appeal and the judgment should be affirmed.

All concur.

Affirmed.