## MATTHEW DOUGHTY *v.* JAMES M. O'DONNELL.

### JOHN T. STEWART *v.* SAME.

In an action for a breach of contract, it is a general rule that the contract furnishes the standard of relief, but compensation will only be given for actual loss sustained.

But when the party for whom the service is to be rendered wilfully delays and embarrasses the performance of the contract by the other party, who endeavors to complete it, and who is finally compelled to abandon the work, the rule that the special contract must control the rate of compensation, no longer prevails, and the party is entitled to the actual value of his services, even though it is in excess of the measure of damages fixed by the contract.

Such damages may be recovered in an action on the contract, and the plaintiff in such an action, after showing that he was prevented from performing by the acts of the defendant, may show the actual value of the services rendered, and recover therefor.

APPEAL from judgment rendered in the 7th District Court for the city of New York, in favor of the plaintiffs.

These cases were argued together, and the questions raised on the appeal are substantially the same.

In June, 1869, the defendant employed Stewart and Doughty (the last named being an auctioneer) to foreclose a certain chattel mortgage which he (defendant) held upon a liquor store and fixtures in this city. It appeared from the testimony, which was undisputed, that the defendant agreed to pay Doughty two and a half per cent. of the proceeds of sale, and said Stewart five per cent., for their respective services. It also appeared that said Doughty and Stewart entered upon the performance of their duties and rendered service and incurred expense therein, but were prevented by the defendant from fulfilling the agreement.

These actions were brought to recover damages for the breach of said agreement by the defendant.

*Amasa A. Redfield,* for appellant.

*John C. Shaw,* for respondent.

Doughty v. O'Donnell.

By THE COURT.*—LARREMORE, J.—The testimony shows that the services of Doughty in the premises were reasonably worth the sum of $50, and those of Stewart the sum of $160.

It was insisted by the counsel for the appellant that the actions being on contract, no recovery could be had upon the *quantum meruit* for services rendered, but only for damages resulting from the breach.

It is a general rule that the contract furnishes the standard of relief, but compensation will only be given for actual loss sustained.

But where the party for whom the service is to be rendered wilfully delays and embarrasses the performance of the contract by the other party, who endeavors to complete it, and is finally compelled to abandon the work, the rule that the special contract must control the rate of compensation, no longer prevails, and the party is entitled to the actual value of his services (*Merrill* v. *Ithaca & Owego R. R. Co.* 16 Wend. 586; *Moses* v. *Bierling*, 31 N. Y. 462, and cases there cited; *Clark* v. *Marsiglia*, 1 Den. 317).

I can see no reason why, in a case for damages for breach of contract, the performance of which the defendant has prevented, the plaintiffs may not recover for services rendered. Such recovery is in reality but compensation in damages *pro tanto*, and if, as in the cases before us, the defendant, by his neglect or default, has precluded the plaintiffs from ascertaining the actual amount of damage under the contract, he should be held to a recovery for services actually rendered, the amount of which, he does not pretend to deny, is in excess of the measure of damages fixed by the contract.

There was no error on the part of the Justice in admitting evidence of the value of such services. It is not a question of variance, but only of the mode of proof of the allegations of the the pleading (*Fells* v. *Vestvali*, 2 Keyes, 152).

The cases cited by appellants' counsel do not conflict with this view.

*Clark* v. *Mayor &c.* (4 N. Y. 338), holds that if a party

---

* Present, DALY, Ch. J., LARREMORE and J. F. DALY, JJ.

elects to consider the contract rescinded, and brings his action for work and labor, he cannot recover profits.

*Neary* v. *Bostwick* (2 Hilt. 514), holds that, in an action for breach of contract, damages must be averred and proved, and not left to speculation.

The plaintiffs have declared on their contract, shown that the defendant hindered and prevented its performance, and they claim damages not for any profits, but in an amount to compensate them for services actually rendered under said contract, and for which amount the court below rendered judgment. The defendant offered no proof to show that such amount exceeded the rate of compensation fixed by the contract, and he should be held liable for a loss caused by his own act.

The rulings of the court below were in conformity with this view of the case, and the judgments appealed from should be affirmed, with costs.

Judgments affirmed, with costs.