Wait Hoesek, J.
The error in the charge of the judge was caused by a misconstruction of the pleadings. The answer does not admit that the work for which a special contract had been made had been duly performed, it merely admits that the plaintiff had done work, and furnished materials for, and at the request of the defendant. The judge *309 construed, erroneously construed, the answer as making an admission, that the plaintiff had done all the work that the written contract, that was produced in • evidence (though it had not been mentioned in the complaint) required him to do. In consequence of this misconstruction "of the pleadings, the judge fell into the error of instructing the jury “ that the question to be decided is, not whether the work was done or not, but whether a promise was made. If the jury find a promise was made, the plaintiff is entitled to a verdict.”
In point of fact the chief question in the case was, has the plaintiff fully performed the work mentioned in the written contract? The plaintiff declared on one of the common counts in assumpsit. This he had a right to do provided that he had fully completed the special contract. The rule is that indebitatus assuw/psit will lie to recover the stipulated price due on a special contract, where the contract has been completely executed, so that only a duty to pay the money remains. It is essential that the plaintiff should prove that the special contract has been performed upon his part (Jewell agt. Schroeppel, 4 Cow., 566; Farron agt. Sherwood, 17 N. Y., 227; Hosely agt. Black, 28 N. Y., 438; Hurst agt. Litchfield, 39 N. Y., 377; Higgins agt. Newton R. R. Co., 66 N. Y., 605.)
The plaintiff undertook to prove performance, and he offered evidence for that purpose. The defendant then offered to prove that the work had never been finished. The court ruled that he could not be allowed to show that the contract had not been performed, but notwithstanding that ruling the defendant was afterwards permitted to give a good deal of testimony to show that the plaintiff had failed to do the work that the contract had provided for. It might perhaps be said that the action of the court in allowing the defendant to prove that the contract had not been performed, obviated the exception taken to the ruling that such proofs could not be admitted, but there is still the exception taken to the instruction to the jury, that it was of no *310 consequence whether the contract had been performed or not. This instruction was, as I have said, erroneous, and because of it judgment must be reversed. In his note to Cutter agt. Powell (2 Smith’s Leading Cases), Hr. Wallace says : “Where there has been a special contract, the whole of which has been executed on the part of the plaintiff, and the time of payment on the other side is passed, a suit may be brought on the special contract, or a general assumpsit may be maintained ; and in the last case the measure of damages will be the recompense fixed by the special contract. If, however, the special contract be open, and there be no fault or omission on the part of the defendant, indebitatus assumpsit will not lie.”
The plaintiff cannot free himself from the obligation of proving his case by changing the form of his pleading. If he sues upon the special contract, he must prove performance, and so he must do, if he resorts to an indebitatus assumpsit.
The judgment should be reversed, and a new trial ordered, with costs to abide the event.
Daly, Ch. J., and Labremore, J., concur.
Judgent reversed.