## LAWRENCE BROS. v. HEYLMAN.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. BUILDING CONTRACT—ACTION ON ORDER TO PAY FOR MATERIAL—EVIDENCE OF NEW CONTRACT—SUFFICIENCY.

In an action on an order by a contractor on defendant for payment for building material, evidence *held* sufficient to show that a new contract had been made between the contractor and defendant in substitution for the original contract with the original owner of the premises after the latter's death.

2. SAME—NONPAYMENT OF INSTALLMENTS—REFUSAL OF CONTRACTOR TO CONTINUE WORK.

The nonpayment of installments according to the terms of a building contract justifies the contractor in refusing to continue the work.

3. SAME—RIGHT TO RECOVER FOR WORK DONE.

The refusal of a building contractor to continue the work, owing to nonpayment of installments due him, will not deprive him of his right to recover the agreed value of work done.

Appeal from Trial Term, Westchester County.

Action by Lawrence Bros. (incorporated) against Henry B. Heylman on a written order for the payment of money, indorsed by defendant. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Thaddeus D. Kenneson, for appellant.
Ralph Earl Prime, Jr., for respondent.

WILLARD BARTLETT, J. The defendant's father, Charles Heylman, entered into a contract with William J. Connell whereby Connell undertook to erect certain buildings in the city of New York for Heylman for the sum of $9,300, payable in installments as the work progressed. After Connell began to work under the contract, Charles Heylman died, and the defendant Henry B. Heylman became the owner of the premises upon which the buildings were in course of erection. He desired Connell to go on with the work, and Connell did go on with it. While thus proceeding, Connell executed and delivered to James V. Lawrence, the surviving partner of Lawrence Bros., from whom he had purchased building material for use

in the execution of the Heylman contract, a written order in the following terms:

"Yonkers, N. Y., September 12, 1896.

"Mr. Harry Heylman—Dear Sir: From and out of any money due or to become due to me from you for building your six houses on One Hundred and Eighty Second Street and Washington Avenue, New York, please pay to Lawrence Brothers of Yonkers, New York, the sum of eleven hundred ($1,100) dollars and charge the same to my account.

"William J. Connell."

This order was afterward presented to the defendant, who indorsed it, "Accepted September 17, 1896, Henry B. Heylman." He subsequently refused to pay the amount, however; and the plaintiff corporation, as the assignee of the surviving partner of the firm of Lawrence Bros., brought the present suit to enforce payment.

In behalf of the appellant it is argued that there was no evidence that there was any new contract made between Connell and the defendant in substitution for the original contract with the father. We think that such evidence is to be found in the testimony relative to an interview at the office of the defendant's attorneys, Messrs. Forster & Speir. That testimony, given by Mr. James V. Lawrence, was as follows:

"Subsequent to the date of this contract of March 11, 1896, with Charles Heylman, I had a conversation with Henry B. Heylman. That conversation was, as I have stated, at the office of Forster & Speir, who were the attorneys for Mr. Heylman. Henry B. Heylman said he assumed this contract with Charles Heylman, and intended to carry it out. With regard to the payment of claims contracted by Connell in connection with the execution of that contract prior to his father's death, conversation was had between Mr. Connell, myself, Mr. Forster, and Mr. Heylman. Connell said he could not go on unless he got his money according to the terms of the contract. Mr. Heylman said there were not any funds to pay according to the terms of the contract, and finally it was agreed that Mr. Heylman would pay the bills—all the bills contracted against it—and give Mr. Connell what money he could from time to time, and on that basis the contract was to go on."

The statement that there were no funds to pay according to the terms of the contract was tantamount to a declaration that the representatives of the deceased father of the defendant could not fulfill his agreement. The language of the witness fairly imports that the defendant's undertaking to pay the bills and give Connell money from time to time was a promise made to Connell, and a sufficient consideration for that promise was Connell's continued prosecution of the work.

There was evidence which warranted the finding by the jury that at the time when the order was accepted there was more than $1,100 due to Connell for work previously performed; but, because Connell finally quit the job, leaving $700 worth of work under the contract unperformed, by reason of the failure of the defendant to make subsequent payments which the contract called for, it is argued that he was entitled to nothing. We agree with the learned trial judge, however; that the nonpayment of the installments according to the terms of the contract would justify the contractor in refusing to proceed further, and that such refusal would not deprive him of his right to recover the agreed value of his work up to that time.

We have mentioned here the only points in the case which seem to require discussion, and we are of opinion that the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.