HENRY KRONAU, JR., Respondent, v. BERTHA L. WEISBURG, Appellant.

Third Department, May 8, 1912.

Contract — action upon common counts — pleading — bill of particulars — evidence.

A party bringing an action for work, labor and services under a contract which he has substantially performed may allege the contract and its performance or rely upon the common counts for work, labor and services. If the defendant is in doubt as to the facts relied upon, he may move that the pleading be made more definite and certain or for a bill of particulars.

If such an action is brought upon the common counts, the contract is competent evidence to prove the request to do the work and to fix the value.

APPEAL by the defendant, Bertha L. Weisburg, from a judgment of the County Court of Albany county, entered in the office of the clerk of said county on the 26th day of December, 1911, affirming a judgment of the City Court of Albany in favor of the plaintiff.

*Charles M. Stern* [*M. H. Nellis* and *Andrew J. Nellis* of counsel], for the appellant.

*Robert H. McCormic,* for the respondent.

KELLOGG, J.:

The pleadings were evidently oral. The plaintiff "complains for work, labor and services and material furnished under a contract with defendant, claims $1000." The answer is a general denial, and the defendant demands a bill of particulars, which was furnished.

The work was in fact done under a contract which was to be completed on or before October first, according to the specifications and drawings, and payment was only to be made upon the certificate of the architect. The work was completed December seventeenth. The architect's certificate was not furnished. The evidence indicated that the certificate of the architect was withheld at the request of the defendant, and that the time limit was extended or waived, and that the contract had been

fully performed as it was modified by mutual consent during the work. The evidence fairly sustains the recovery on the theory that the contract had been performed, as modified.

The defendant objected, in various forms, that the complaint would not permit a recovery on a special contract; that the complaint should allege the contract and its performance, if performed; if modified it should also allege the modifications, and that it was performed as modified, and that the complaint should excuse the failure to furnish the certificate of the architect. These objections were overruled.

The pleader had the choice to allege the special contract and its performance or rely upon the common count for work, labor and services. "The plaintiff has stated the facts constituting the cause of action, not as they actually existed, but according to their legal effect. In most cases either mode of pleading at the option of the party is correct." (*Publishing Co.* v. *Steamship Co.*, 148 N. Y. 39, 41.)

If the defendant is in doubt as to the facts relied upon, he may protect himself by requiring that the pleading be made more definite and certain or that a bill of particulars be furnished.

The plaintiff may rely upon the special contract or upon the implied promise to pay which the law raises after he has performed what he has agreed to do and has become entitled to the compensation. (9 Cyc. 685; *Farron* v. *Sherwood*, 17 N. Y. 227; *Higgins* v. *Newtown & Flushing Railroad Company*, 66 id. 604; *Fells* v. *Vestvali*, 2 Keyes, 152; *Rubin* v. *Cohen*, 129 App. Div. 395, 397; *Peltier* v. *Sewall*, 12 Wend. 386; *Schulze* v. *Farrell*, 142 App. Div. 13; *Boyd* v. *Vale*, 84 id. 414.)

The rule that the pleader need not state the facts as they actually exist but may state the legal effect of them is well illustrated in *Goodman* v. *Alexander* (165 N. Y. 289) and *Hatch* v. *Leonard* (Id. 435).

The plaintiff's case here is well within the *Higgins Case* (*supra*). In that case the estimates of the defendant's engineer were to be paid, but the plaintiff was permitted to show that he had requested the defendant to have its engineer make estimates and that it had neglected or declined so to do.

In the *Schulze Case* (*supra*) the contract was evidently modified and performed as modified.

I think the rule is well stated in *Peltier* v. *Sewall* (*supra,* at p. 388): "So, also, if the special agreement has been abandoned by the defendant, or the plaintiff has been prevented from performing it by the act of the defendant, or has performed it substantially, but not in strict conformity with the agreement, he may recover under the common counts for the labor or services actually rendered. Innumerable cases might be cited in support of these positions."

"If the plaintiff was entitled to recover at all, it was on the ground that the services had actually been rendered; and after the complete performance of an express contract there is no reason why a recovery may not be had under this form of pleading. The only effect in such a case of proof of an express contract fixing the price is, that the stipulated price becomes the '*quantum meruit*' in the case. It is not a question of variance, but only of the mode of proof of the allegations of the pleading." (*Fells* v. *Vestvali, supra.*)

*Granger Co.* v. *B.-K. Iron Works* (204 N. Y. 218) and *Weeks* v. *O'Brien* (141 id. 199) are not in conflict with these views. In those cases the plaintiff alleged the special contracts and performance in full (see record on appeal in *Granger Co.* case), and the court held the familiar rule that under an allegation of performance of a contract it was not permissible to show non-performance and excuses for non-performance. They rest upon the familiar rule that a recovery must be consistent with the cause of action alleged, and do not touch the question whether an action may be brought upon the general counts where a contract has been fully performed.

The plaintiff, therefore, properly brought his action upon the common counts, using the contract as the proof of the request to do the work and to fix the value. The evidence being admissible under the complaint it becomes unnecessary to consider the effect of the amendment made at the close of the case to conform the complaint to the proofs. The judgment should, therefore, be affirmed, with costs.

All concurred; SMITH, P. J., in result.

Judgment affirmed, with costs.