SOLOMON OBRENTZ, Respondent, v. SAMUEL WESENFELD and Another, Appellants.

(Supreme Court, Appellate Term, First Department, June, 1918.)

Damages — action to recover for alleged wrongful discharge — contracts — evidence — services.

Where in an action to recover damages for an alleged wrongful discharge it is not pleaded that the written contract of employment was abrogated, and though there is no evidence that plaintiff threatened to abandon the defendants' service unless a new contract was made it does appear that he asked for an increase of compensation which was conceded without either party intending to make a new contract, plaintiff's testimony that he was not required in return for such increase to perform any duties not called for by the original agreement, received over defendants' objection that as plaintiff was already bound to perform the services called for by the contract at an agreed compensation there was no consideration for the promise to pay the additional compensation, is error, and a judgment for plaintiff under a charge that if the jury found that he was wrongfully discharged the damages must be assessed upon the modified contract will be reversed and a new trial granted, even though this court might modify the judgment by deducting the difference in the amount of damages under the contract and under the alleged modification thereof.

APPEAL by defendants from a judgment of the
Municipal Court of the city of New York, borough of
Manhattan, sixth district, in favor of plaintiff.

Hartman, Levy & Hartman (Hugo Levy, Gustav
Hartman, of counsel), for appellants.

Cohen, Haas & Schimmel (Isidore Cohen, of coun-
sel), for respondent.

LEHMAN, J.   The plaintiff herein was employed by
the defendants on December 9, 1916, on an agreement
in writing whereby he was to receive a salary of ten
dollars a week and three-fourths per cent of the entire
net amount of business beginning December 9, 1916,
and expiring June 31, 1917.   The plaintiff claims that
he was wrongfully discharged on the 22d day of May,
1917, and has brought an action to recover damages
for the alleged wrongful discharge.   In his complaint
he sets forth the agreement in writing made between
the parties on the 9th day of December, 1916, and then
pleads that "subsequently, and on or about the 1st
day of February, 1917, the said agreement by mutual
consent was changed and modified so that instead of
the plaintiff's salary being ten dollars per week, it
was fixed at twelve dollars per week, and that instead
of his commissions being three-fourths of one per cent
on the entire net amount of business during the term
of the contract, it was fixed one per cent of such
amount."

The plaintiff testified that the alleged change and
modification of the contract was made at his request
because he found his compensation too small, and that
he was not required in return for such increase of pay
to perform any duties not called for in the original
agreement.

The defendants objected to any evidence as to this
modification on the ground that since the plaintiff was

already bound to perform the services called for by the contract at an agreed compensation the defendants received no consideration for their promise to pay the additional compensation. The trial judge nevertheless admitted this testimony and charged the jury that if they found that the plaintiff was wrongfully discharged his damages must be assessed upon the basis of the modified contract. In the case of *Vanderbilt* v. *Schreyer,* 91 N. Y. 392, the court said, per Ruger, Ch. J.: " Pollock states the rule as follows: ' neither the promise to do a thing, nor the actual doing of it, will be a good consideration if it is a thing which the party is bound to do by the general law, or by a subsisting contract with the other party." (Pollock on Principles of Contract, 161; *Crosby* v. *Wood,* 6 N. Y. 369; *Deacon* v. *Gridley,* 15 C. B. 295.) ' Nor is the performance of that which the party was under a previous valid, legal obligation to do a sufficient consideration for a new contract.' (2 Parsons on Contracts, 437.) When certain sailors had signed articles to complete a voyage but at an intermediate port refused to go on, and the captain thereupon promised to pay them increased wages, it was held that the promise was without consideration. (*Bartlett* v. *Wyman,* 14 Johns. 260.) "

The authority of the case of *Vanderbilt* v. *Schreyer* appears never to have been doubted, and it establishes the rule applicable to this question at least in this state, though there are decisions in other jurisdictions not entirely in accord with these views. See *De Cicco* v. *Schweizer,* 221 N. Y. 431. There are also, it is true, some early decisions in this state which held that where there is a disagreement between the parties as to a part of the work to be done under the contract a new agreement in respect to such part is binding upon the parties, and so much thereof is taken out of the

original contract.  *Stewart* v. *Keteltas,* 36 N. Y. 388;
*Lattimore* v. *Harsen,* 14 Johns. 330.

In the former of these cases, however, it would
appear that the original contract did not correctly set
forth the actual agreement of the parties, and the
modification was made in order to correct this error
and in settlement of a real dispute; and in the second
case the original contract provided for a compensation
to the plaintiff in the sum of $900 for certain work
which they bound themselves to do under the penalty
of $250, and the second contract provided for a change
in the form of compensation whereby the defendants
agreed to pay for materials delivered and for labor. at
day rates without any reference to the written con-
tract.  In both these cases, therefore, there was a com-
plete rescission of the earlier contract founded on what
the court held to be sufficient consideration.  It is true
that in the case of *Lattimore* v. *Harsen* the court held
that this consideration was to be found in the fact that
the plaintiffs under the first contract had a right to
stop work upon payment of the penalty, and gave up
this right and agreed to perform the contract for addi-
tional pay.  It would seem at least doubtful whether
these early decisions can be held to be authority for
the proposition that a contract can be abrogated and a
new contract made for the same work, but at a higher
rate of pay, where the sole consideration for the abro-
gation of the old contract and the making of the new
contract consists in the agreement of the original con-
tractor actually to perform the work which he had
agreed to do rather than to abandon that work and to
pay damages for such abandonment, for, in the absence
of any stipulation in the original contract limiting or
fixing the damages which the contractor must pay for
a breach of his contract, the party for whom the con-
tractor had agreed to perform such services would be

Appellate Term, First Department, June, 1918.   [Vol. 103.

in no better position after the making of the new contract than he was before, the contractor could again abandon his contract and be subject only to smaller damages than if the rate of compensation had not been increased. It is unnecessary, however, for us to decide this question at the present time, for in any event the rule is established in this state beyond question that without an actual abrogation of the earlier contract a mere modification of that contract whereby the contractor was to receive larger compensation would be without consideration.

In the present case the plaintiff himself has pleaded that the original contract was changed and modified and has not pleaded that it was abrogated. Moreover, there is no testimony in the case that the plaintiff threatened to abandon the defendants' service unless a new contract were made with him, but on the contrary the evidence shows that the plaintiff merely asked for an increase of compensation and this increase was conceded without either party intending to make a new contract. It follows that the trial judge erred in allowing the jury to assess the damages under the contract as modified. The judgment in this case was for the sum of $186. We might, in this case, modify the judgment by deducting the difference in the amount of the damages under the written contract and under the alleged modification of such contract. Upon the present record, however, the proof of damages suffered is so unsatisfactory that it seems that in the interests of justice a new trial should be had.

Judgment is, therefore, reversed, and a new trial ordered, with thirty dollars costs to appellants to abide the event.

PENDLETON and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellants to abide event.