Wagner, J.
The plaintiff entered into an arrangement evidenced in writing with the defendant, a corporation engaged in the export and import business, on October 13,1916, whereby the plaintiff was to handle for the defendant certain commodities at a compensation to be calculated at seventeen and one-half per cent upon the net profits of the business handled by him. A subsequent written agreement was made between them on April 5, 1917, purporting on its face to evidence a modification of the original contract in a number of respects, including a provision with respect to the financing by the defendant of its business properly *629 and to plaintiff’s satisfaction, together with a further provision, increasing the compensation of the plaintiff to a sum equivalent to fifty per cent of the net profits. With a view towards showing that the modified agreement was made upon sufficient consideration to uphold its validity, the plaintiff offered oral proof as to variety of matters, all of which were excluded and rejected, as well as the agreement of April fifth, by the learned trial court on the theory that the offers of proof attempted to vary the terms of the written contract, and that the subsequent agreement was without consideration, resulting in a dismissal of the complaint.
We are of the opinion that in his rulings in these regards the learned justice fell into error. The plaintiff had endeavored to prove that before the execution of the second agreement a bona fide dispute had arisen with respect to the financing by defendant of the business secured by the plaintiff; and that at the same time the defendant had committed an actual breach of the October agreement by reason of which the plaintiff had threatened to leave the employ, and that the compromise of the dispute together with the plaintiff’s consent to waive the defendant’s breach of the contract afforded the necessary consideration for the later agreement. We think the evidence was entirely competent for the purposes offered, and should have been received.
An examination of the writing of October thirteenth discloses on its face no reference whatever to the question of financing the business, although it apparently shows that the parties contemplated the securing of large amounts of business by the plaintiff. A dispute had obviously arisen on that very question by reason of the defendant’s failure to finance, which the plaintiff claims was incumbent upon the defendant, *630 though unmentioned in the writing. Since there was a total absence of any specific provision concerning the financing of the business, it would appear that the writing did not and was not designed by the parties to express the entire arrangement existing between them, but merely to state a part thereof. The oral understanding, therefore, that it was the defendant’s engagement to finance the business was in no way contradictory to the writing, but was consistent therewith (Cooper v. Payne, 186 N. Y. 334); and was competent as indicating what the dispute and alleged breach of the contract consisted of.
The principle as stated in Carpenter v. Taylor, 164 N. Y. 177, is elementary that: “A promise by one party to do that which he is already under a legal obligation to perform is insufficient as a consideration to support a contract.” See, also, Vanderbilt v. Schreyer, 91 N. Y. 392, where Ruger, Ch. J., said: ‘ ‘ Pollack states the reason as follows: That ‘ neither the promise to do a thing, nor the actual doing of it, will be a good consideration if it is a thing which the party is bound to do * * * with the other party.’ (Pollack on Principles of Contracts, 161; Crosby v. Wood, 6 N. Y. 369; Deacon v. Gridley, 15 C. B. 295.)”
Our decision in Obrentz v. Wessenfeld, 103 Misc. Rep. 664, relied upon by the respondent, went no further.
The difficulty in the case at bar is that while the second agreement, no less than the first, did not purport to be the entire agreement in the absence of any recital or indication of the consideration moving from the plaintiff to induce such modification, the plaintiff was denied permission to show by parol evidence what the actual consideration for it was. This was error. As was said in Baring v. Waterbury, 10 App. Div. 1: ‘ ‘ In the absence of any consideration expressed in an *631 agreement as moving to one who is party thereto, it is entirely competent to prove by parol what the consideration was.” Di Menna v. Cooper & Evans Co., 220 N. Y. 391; Wheeler v. Billings, 38 id. 263; Studwell v. Bush Co., 126 App. Div. 818.
Moreover the evidence proffered tended to show that the modification was the result of a dispute as to 'whether the original contract had been broken and of a subsequent compromise based thereon. If that were established it is well settled that the relinquishment by the plaintiff of any rights accruing to him upon the breach of the original contract by the defendant would constitute a good and sufficient consideration for the modification (Lawrence Bros., Inc., v. Heylman, 89 App. Div. 620; Melville v. Kruse, 174 N. Y. 306; Emery v. Wilson, 79 id. 78), even though the plaintiff might have been mistaken as to the validity of his claim that the defendant had committed a breach, if he acted in good faith, of which there is no evidence to the contrary in this record. See Wahl v. Barnum, 116 N. Y. 87; Jackson v. Volkening, 81 App. Div. 36; White v. Hoyt, 73 N. Y. 505. “ It is not necessary to uphold a promise based upon the surrender or composition and compromise of a claim that it was a valid claim, one that could be enforced at law. A promise made upon the settlement of the disputes, and to prevent litigation, is made upon a good consideration.”
It follows that the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.
Guy, J., concurs in the result.
Judgment reversed and new trial ordered, with costs to appellant to abide event.