ARCANGELO RAILE, Respondent, v. PEERLESS AMERICAN PRODUCTS COMPANY, INC., Defendant, Impleaded with MANHATTAN MORTGAGE COMPANY, Appellant.

First Department, June 11, 1920.

Contracts — right of contractor to sue on quantum meruit where express contract for work and materials has been breached — right to sue on quantum meruit where contract has been fully performed — when contract governs as to amount of recovery — necessity for alleging contract where suit is brought on quantum meruit after breach.

One who has entered into a contract to furnish work and materials for a building has the right of election on the breach of the contract by the owner to maintain an action on the contract for the work performed and the materials furnished and for his damages flowing from the failure of the owner to permit him to complete the contract or to abandon any claim on or under the contract and sue on *quantum meruit* for the work performed and the materials furnished.

Where an express contract to furnish work and materials has been fully performed the contractor may elect to sue either on the express contract or on *quantum meruit* on the contract implied by law, but in such case the provisions of the contract govern with respect to the amount of the recovery.

One who has contracted to furnish work and materials for a building on electing, on a breach of the uncompleted contract, to sue on *quantum meruit*, may proceed in disregard of the contract and may recover as if the contract had not been made, and it is not necessary, therefore, for him to allege the making of the contract and the performance thereof so far as he was permitted to perform and the breach which gives rise to his right of election to sue.

APPEAL by the defendant, Manhattan Mortgage Company, from that part of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 29th day of September, 1919, upon the decision of the court rendered after a trial at the Bronx Special Term sustaining and foreclosing a mechanic's lien filed by the plaintiff against the premises described in the complaint and directing the chamberlain to pay over to plaintiff a fund deposited by the appellant to discharge the lien, and against appellant for costs.

*Carlton B. Pierce,* for the appellant.

*Henry M. Flateau,* for the respondent.

LAUGHLIN, J.:

The amended complaint shows that the plaintiff claimed and filed a lien on the theory of an implied contract for the reasonable value of work, labor and services performed and materials furnished at the special instance and request of the defendant Peerless American Products Company, Inc., in the erection of two five-story apartment houses on certain premises at the southwest corner of Shakespeare avenue and One Hundred and Sixty-ninth street, in the borough of The Bronx, city of New York, of which it was the owner. The plaintiff alleged that at the special instance and request of the owner he performed certain work, labor and services, consisting of carpenter and framing work, and furnished certain materials, consisting of nails, on the buildings of the reasonable value of $2,870, no part of which, with the exception of $1,835, had been paid, and that at the time of the filing of the lien the amount due and owing to the plaintiff was the sum of $1,035, which is the amount for which the lien was filed. The complaint further showed that the appellant procured a discharge of the lien by depositing with the clerk of Bronx county the sum of $1,098.65, and was joined as a party defendant on its own petition claiming to be entitled to the fund. The appellant answered, admitting the payments, the deposit of the fund by it and that it claimed to be entitled thereto, and put in issue the other material allegations of the complaint, and alleged that the work was performed and the materials were furnished by the plaintiff under a contract in• writing made between him and the owner on the 9th day of September, 1916, and that the payments made constituted the reasonable value of all the work so performed and materials so furnished.

The plaintiff, having pleaded on *quantum meruit* only, in order to show that the work was performed and the materials furnished at the special instance and request of the owner, proved the contract referred to in the answer, and the commencement and the continuance of the work thereunder, and a breach of the contract by the owner in that the owner failed to reimburse the plaintiff as provided by the contract for loss sustained through the owner's failure to have other work performed so that the plaintiff might not be delayed in the performance of his contract, and that thereafter, on account

of said breach by the owner, the provisions of the contract with respect to the payments to be made to the plaintiff by the owner were modified by mutual consent and that the owner thereby agreed to make payments from time to time to meet the plaintiff's payroll but thereafter failed to perform its agreement in this regard, and the plaintiff showed in effect that he thereupon elected to terminate the contract and filed the lien and then brought this action. The defendant offered no evidence. The evidence presented by the plaintiff warranted the findings made by the trial court with respect to the breach of the original contract by the owner and with respect to the modification of the contract and the breach of it, as so modified.

The only point presented on the appeal which we deem of sufficient merit to require the writing of an opinion, arises on the objections and exceptions of the appellant to the evidence showing a breach of the original contract by the owner and a modification of the contract and a breach of it as so modified, and on the appellant's claim with respect thereto that such evidence was inadmissible inasmuch as the plaintiff did not allege the making of the express contract, the breach and modification thereof, and the breach of the contract as modified. It is well settled by authority that the plaintiff had the right of election, on the breach of the original contract by the owner or on the breach of the contract as modified to maintain an action on the contract for the work performed and the material furnished and for his damages flowing from the failure of the owner to permit him to complete the contract or, as he did in this case, to abandon any claim on or under the contract and sue on *quantum meruit* for the work, labor and services performed and materials furnished. (*Atlantic, Gulf & Pacific Co.* v. *Woodmere Realty Co.,* 156 App. Div. 351; *Borup* v. *Von Kokeritz,* 162 id. 394, 396; *Wright* v. *Reusens,* 133 N. Y. 298; *Lawrence Brothers, Inc.,* v. *Heylman,* 89 App. Div. 620; *Boyd* v. *Vale,* 84 id. 416.) It is likewise the settled rule that where an express contract has been *fully performed* the contractor may elect to sue either on the express contract or on *quantum meruit* on the contract implied by law and that in such case the provisions of the contract govern with respect to the amount of the recovery. (*Jones* v. *Judd,* 4 N. Y. 411;

*Kronau* v. *Weisburg,* 151 App. Div. 356; *Hartley* v. *Murtha,* 5 id. 408; *Farron* v. *Sherwood,* 17 N. Y. 227; *Higgins* v. *Newtown & Flushing R. R. Co.,* 66 id. 604; *Hosley* v. *Black,* 28 id. 438; *Ludlow* v. *Dole,* 62 id. 617; *Rubin* v. *Cohen,* 129 App. Div. 395; *Farley* v. *Browning,* 15 Abb. N. C. 301.) The learned counsel for the appellant concedes that where there has been full performance of the express contract, and the contractor elects to sue on *quantum meruit,* it is unnecessary for him to allege anything with respect to the express contract and that without alleging it he may introduce the contract in evidence and show performance thereof and recover the amount agreed to be paid thereby, but he insists that where, as here, there has not been complete performance of the express contract and the plaintiff relies on the breach thereof for his right to maintain an action on a *quantum meruit* it is necessary for him to allege the making of the express contract and performance thereof in so far as he was permitted to perform it and the breach thereof which gives rise to the right of his election to sue on *quantum meruit;* and for this contention he relies principally upon the case of *Robinson* v. *Chinese Charitable Assn.* (47 App. Div. 69). The opinion in that case contains a statement supporting the appellant's contention but it was *obiter dictum* and is, I think, unsound. In that case the judgment dismissing the complaint in an action to foreclose a mechanic's lien was properly sustained on the ground that the plaintiff alleged that the work, labor and services were performed and the materials furnished under an *express contract,* but did not allege *full performance* of the contract by the plaintiff. After so deciding it is stated in the opinion that before a recovery could be had on *quantum meruit* it would be necessary for the plaintiff to allege and prove a legal excuse for not completing the work he agreed to perform; but the facts did not present that point for decision. In *Keogh Mfg. Co.* v. *Eisenberg* (7 Misc. Rep. 79; affd., on the opinion of the General Term of the Common Pleas, 149 N. Y. 352) the precise point presented by this appeal, although not strictly essential to the decision, was fully and carefully considered in the opinion of BOOKSTAVER, J., at General Term, which was adopted by the Court of Appeals, and it was therein stated that a contractor on electing, on breach

of a contract, to sue on a *quantum meruit*, may proceed in disregard of the contract and recover as if the contract had not been made and that he may use the contract, in so far as applicable, to fix the amount of the recovery. The court there assigned as the reason why it was unnecessary for the plaintiff in such a case to refer to the express contract and to allege a breach thereof, that the Code only requires that the complaint shall allege the ultimate facts which the evidence to be offered on the trial will prove and not the evidence required to prove such ultimate facts; and that in an action on a *quantum meruit* the substantive facts are the furnishing and the delivery of the goods to the defendant, on which the law implies a promise to pay. That, I think, is a correct statement of the rule of law applicable in such cases, and the decisions in *Jones* v. *Judd* (*supra*) and *Kronau* v. *Weisburg* (*supra*) tend to sustain it. This is analogous to the rule of pleading in an action for money had and received in which case it is unnecessary to allege the *transactions* which give rise to the cause of action. (*Hofferberth* v. *Duckett*, 175 App. Div. 480, 484, citing *National Trust Co.* v. *Gleason*, 77 N. Y. 400; *Chapman* v. *Forbes*, 123 id. 532, 537; *Roberts* v. *Ely*, 113 id. 128. *Shapiro* v. *Benenson*, 181 App. Div. 19, 23; *Drake* v. *White Sewing Machine Co.*, 133 id. 446.) This rule when properly understood cannot prejudice the defendant in such cases, for ordinarily the defendant would know that the plaintiff intended to rely on the express contract and, on a breach thereof, to prove that the work was done at the special instance and request of the defendant; and if necessary, the defendant could have this definitely determined in advance by applying for a bill of particulars with respect to what the plaintiff would claim constitutes the performance of the work and the furnishing of the material at his special instance and request. (*Kronau* v. *Weisburg*, 151 App. Div. 355, 356.)

It follows that the judgment should be affirmed, with costs.

Clarke, P. J., Dowling, Page and Merrell, JJ., concur.

Judgment affirmed, with costs.