HENDRIK DE LEEUW, Plaintiff, *v.* ZIFF-DAVIS PUBLISHING Co., Defendant.

Supreme Court, Special Term, Kings County, April 17, 1950.

*Newman & Bisco* for defendant.

*Douglas & Douglas* for plaintiff.

MURPHY, J. The defendant moves to dismiss each of two causes of action in the complaint as legally insufficient, or alternatively, to strike out certain allegations from both causes of action as irrelevant, redundant, etc., pursuant to section 241 of the Civil Practice Act and rule 103 of the Rules of Civil Practice.

Defendant asserts, initially, as to both causes of action that they are insufficient on the face thereof inasmuch as it appears from the terms of the written contract sued upon, which is incorporated into such causes of action and which control on the pleader's conclusions with respect thereto, that plaintiff's damages, upon defendant's breach, are limited to the amount of advances which plaintiff admittedly has received and which he is entitled to retain.

Plaintiff's counter to this argument is that he is not bound by the language of contract paragraph XXI inasmuch as it is, in effect, a " penalty " provision which courts, applying equitable principles, will not enforce on the ground that it is unconscionably inadequate.

The point differs from the customary situation wherein a defaulting party sought to be cast in damages in a stipulated (liquidated) amount resists such recovery on the ground that the amount is out of all proportion to the damages actually sustained and is in fact a " penalty ". Here it is the party not in default who seeks recovery of alleged damages sustained. He asks for $50,000, but is met by the claim that the stipulation limits him to a $1,700 payment which had been advanced. Plaintiff asserts that such stipulation is a " penalty " against him because, if from the contract construed as a whole the intent of the parties be found to be as defendant now claims, plaintiff would have been put in the position of waiving in advance his considerable and readily ascertainable damages for a mere fraction thereof.

This is a somewhat unusual phase of the equitable doctrine relative to liquidated damages and penalties and seems also to do violence to the doctrine that in the absence of fraud, mistake or the like, competent parties will be left to make their own contracts and will be bound to a bad bargain if they make one. The field of "penalty" damages furnishes a recognized exception to the foregoing, however, and there appears to be respectable authority to sustain plaintiff's argument. (See 25 C. J. S., Damages, § 108, p. 673; 1 Clark on New York Law of Damages, § 15, p. 27; *Noyes* v. *Phillips,* 60 N. Y. 408, 411; *Bonhard* v. *Gindin,* 104 N. J. L. 599, 603; *Manley Auto Co.* v. *Jackson,* 115 Ore. 396, 401, and 3 Williston on Contracts [Rev. ed.], § 774, *et seq.*)

The legal issue here is of sufficient weight to require a denial of the defendant's motion to dismiss the first cause of action at this time, leaving the parties to a fuller revelation of the facts and circumstances surrounding the contract when made, as bearing on their presumed intent at that time and the reasonableness of the provision in question (3 Williston on Contracts [Rev. ed.], § 779).

Defendant's objection to the sufficiency of the second cause of action as pleaded is based on the circumstance that plaintiff has incorporated therein by reference the allegations of the first cause of action resting on express contract, and then, without any recital of the ineffectiveness of such agreement, asks a recovery in *quantum meruit.* Defendant's objection on this point is well taken. The motion to dismiss the second cause of action as pleaded is granted but with leave to plaintiff, if so advised, to plead over with respect thereto (*Raile* v. *Peerless Amer. Products Co.,* 192 App. Div. 506, 509–510).

Proceeding now to the alternative motion to strike out, the foregoing disposition eliminates consideration of all of the paragraphs objected to by defendants in the second cause of action. As to the first cause of action, defendants object to but two, paragraphs 3 and 11. The objection to paragraph 3 is well taken. As to paragraph 11, plaintiff, with force, states that it should be allowed to stand for the reason that "plaintiff is obliged to overcome the effect of the liquidated damage clause in the contract." Motions to strike out are not favored. They will be sustained only when retention of the matter objected can be shown to be prejudicial to the opposing party.

In accordance with the foregoing expression the motion is granted as to paragraph 3 and denied as to paragraph 11.