GRANT A. PATTEN, JR., Respondent-Appellant, v. MI-CAL-CO, INC., Appellants-Respondents.

First Department, December 20, 1966.

*Grant A. Patten, Jr.,* respondent-appellant in person.

*Charles F. Young* of counsel (*Royall, Koegel & Rogers,* attorneys), for appellants-respondents.

*Per Curiam.* Defendants appeal from order entered March 10, 1966, which denied their motion for summary judgment and which granted partial summary judgment to plaintiff, and from

the judgment entered thereon March 11, 1966, and which order and judgment severed and left for trial the issue of repudiation of the express agreement and damages.

Plaintiff cross-appeals from so much of said order and judgment as denied his cross motion for full summary judgment or, in the alternative, for summary judgment in plaintiff's favor and the direction of a hearing with respect to an assessment of damages.

By virtue of the letter of January 28, 1964, and the conference between the plaintiff and one of the individual defendants which occurred on or about August 12, 1964, there being no dispute as to what transpired on that occasion, and the letters of September 6, 1964, and September 14, 1964, exchanged between the parties, a triable issue exists as to breach and repudiation of the agreement. Plaintiff alleges in his complaint, though this is denied by the answer, that in disregard of his rights under his contract of employment, certain portions of the corporate defendant's business operations were transferred to another corporation in which plaintiff would have no interest. If this assertion be proved correct not only was the contract breached but the value of the stock promised to be issued was certainly diminished. To that extent the promised compensation would be reduced. It appears also that, contrary to defendants' assertion, plaintiff's services were not fully rendered at the time of the January 28 letter, but extended further into 1964.

" It is well settled by authority that the plaintiff had the right of election, on the breach of the original contract by the owner or on the breach of the contract as modified to maintain an action on the contract for the work performed and the material furnished and for his damages flowing from the failure of the owner to permit him to complete the contract or, as he did in this case, to abandon any claim on or under the contract and sue on *quantum meruit* for the work, labor and services performed and material furnished [cases cited]. It is likewise the settled rule that where an express contract has been *fully performed* the contractor may elect to sue either on the express contract or on *quantum meruit* on the contract implied by law and that in such case the provisions of the contract govern with respect to the amount of the recovery." (*Raile* v. *Peerless Amer. Prods. Co.*, 192 App. Div. 506, 508; cf. *Matter of Tillman*, 259 N. Y. 133; *Zadek* v. *Olds, Wortman & King*, 166 App. Div. 60; *Milage* v. *Woodward*, 186 N. Y. 252; 10 N. Y. Jur., Contracts, § 392 *et seq.*; Restatement, Contracts, §§ 313–317, 347, comment *c*.)

Nor do we read *La Rose* v. *Backer* (11 A D 2d 314, 320, affd. 11 N Y 2d 760) as impelling a contrary conclusion. The deter-

mination in that case was made after a trial. In substance it held, in the absence of proof that a contract was breached, abandoned or rescinded, recovery in *quantum meruit* would not be allowed, and the contract price was binding on the parties. The court was careful to observe "If, in fact, it had been proven on the trial that the contract had indeed been abrogated and a finding so made, then the Referee would have been fully justified in proceeding with proof as to the reasonable value of the services rendered and making an award commensurate therewith upon such evidence, pursuant to the pleadings."

In the case before us the issue of breach or repudiation is reserved for trial.

The order and judgment appealed from should be affirmed, without costs or disbursements to either party.

STEUER, J. (dissenting). I agree with the majority in affirming the award of partial summary judgment but disagree to the extent of allowing the action to continue for further relief. Plaintiff, an attorney, was retained to negotiate a contract with a third party. For this he was to receive $2,000 in addition to his disbursements and 20% of the stock of the defendant corporation. He was paid $1,000. His disbursements were $389.29. Summary judgment for the balance of the fee and the disbursements has been awarded and paid. While the complaint alleges that the value of the stock has been diluted, no recovery predicated on such claim was sought in the complaint nor made on the motion, and it is not disputed that defendants have offered delivery of the stock.

Plaintiff is not suing, as he states, on his agreement. His claim is that the agreement was repudiated and he is therefore entitled to the reasonable value of the services he performed. Assuming the validity of plaintiff's contention as to his rights, he has made out no case. The contract was never repudiated. The record is barren of any expression by the defendants that they denied the existence of the agreement or asserted any defect in it. Nor is there any proof that they disputed plaintiff's performance. All that is shown is that in a letter dated January 28, 1964, defendants expressed reluctance to make payment and sought to have plaintiff, in view of the fact that the venture turned out disastrously, cede a portion of his claim. The statement in the majority memorandum that plaintiff performed further services after this letter has no application. No proof of repudiation other than this letter was offered to show repudiation and, as it fails completely to do so, it is immaterial whether it preceded or succeeded the rendition of services. The failure

to pay was, of course, a breach by the defendants. But breach of a contract and repudiation are not synonymous, nor do they have exactly similar legal consequences (*La Rose* v. *Backer,* 11 A D 2d 314, 319, affd. 11 N Y 2d 760). A breach without repudiation does not entitle the other party to any relief other than recovery on the contract (*Larme Estates* v. *Omnichrome Corp.,* 250 App. Div. 538, affd. 275 N. Y. 426). Undoubtedly, as a matter of form, the unpaid party may sue in *quantum meruit,* if he so elects. But his recovery will not be affected thereby. " It is likewise the settled rule that where an express contract has been *fully performed,* the contractor may elect to sue either on the express contract or on *quantum meruit* on the contract implied by law and that in such case the provisions of the contract govern with respect to the amount of the recovery." (*Raile* v. *Peerless Amer. Prods. Co.,* 192 App. Div. 506, 508.) Plaintiff having received the full amount of what was stipulated in the contract is entitled to no further recovery.

The order and judgment should be modified on the law to strike out the provisions for severing and continuing the action, and, as so modified, affirmed, with costs and disbursements to appellant.

BOTEIN, P. J., BREITEL and STEVENS, JJ., concur in *Per Curiam* opinion; STEUER, J., dissents in opinion in which RABIN, J., concurs.

Order and judgment affirmed, without costs or disbursements to either party.