█ Rao Electrical Equipment Co., Inc., Appellant-Respondent, v. State of New York, Respondent-Appellant. (Claim No. 46110.) — █

Memorandum: Claimant's second cause of action, dismissed by the trial court, alleges damages in the amount of $935,587.76 resulting from the State actively and wrongfully interfering with the progress of claimant's work as contemplated by the parties under the terms of a contract for electrical installations at the Upstate Medical Center in Syracuse. The evidence is undisputed that during the course of construction the State issued 336 change orders to all of the contractors involved in the project. From an examination of the record the conclusion is inescapable that this unusually large number of change orders was responsible for some part of the delay incurred in the completion of claimant's contract. Moreover, the extent of the changes required, approximating in cost almost one million dollars, under the circumstances presented, cannot be considered a foreseeable or contemplated risk in the performance of the contract. The record establishes also that the opening of the hospital at a point in time when claimant had a substantial amount of work remaining, involved a wrongful interference with the contemplated progression of the job. Claimant's work could not progress in a reasonable and orderly fashion but had to be completely subordinated to the schedule designated by the hospital administration. However, as held by the trial court, while the evidence establishes that claimant's originally contemplated work progression was actively and wrongfully interfered with by the State, claimant's proof falls short of establishing the extent of the delays resulting from such interference on the part of the State and the extra costs directly attributable thereto. (See H. L. Baughman, Inc. v. New York State Thruway Auth., 35 A D 2d 1076.) The matter of the computation of damages under the second cause of action is remitted to the Court of Claims for a new trial, upon which, if the proof permits, the court may make a determination of the damages which would reasonably compensate claimant for specific delays established with reasonable certainty to be directly attributable to active and wrongful interference by the State with the progression of its work under the contract. (Appeals from judgment of Court of Claims, in claim to recover damages for breach of contract.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.