■ DAL CONSTRUCTION CORP., Respondent, v CITY OF NEW YORK (VICTORY BOULEVARD WATER MAINS), Appellant. — In an action, *inter alia,* to recover damages for breach of a construction contract, defendant appeals from (1) an order of the Supreme Court, Richmond County (Rubin, J.), dated October 13, 1983, which granted plaintiff's motion for leave to serve a second amended verified complaint and (2) an order of the same court, dated October 14, 1983, which denied defendant's cross motion for partial summary judgment dismissing plaintiff's fifth and sixth causes of action.

Orders affirmed, with one bill of costs.

Plaintiff Dal Construction Corp. was awarded a contract for the construction of certain sewers and water mains in Staten Island. Plaintiff agreed that for an estimated total cost of $4,852,560, it would provide all labor, materials and equipment necessary to complete the project. It was directed to commence work on or about November 18, 1977, and was required to complete the project within 660 calendar days thereof, to wit, September 8, 1979. Plaintiff attempted to perform all of the terms and conditions of the contract; however, due to numerous problems encountered at the construction site, it was unable to complete performance within the time specified. In fact, plaintiff alleged that it was prevented from completing its work for 70 weeks beyond the scheduled completion date.

On or about January 29, 1982, plaintiff served defendant with a verified complaint seeking, *inter alia,* to recover the balance due under the contract and to recover for extra and additional work performed. In its fifth cause of action, plaintiff alleged that defendant had breached the contract in that it "actively and unreasonably delayed, hindered, impeded and prevented the plaintiff in the performance and completion of its contract work". As a result of these "delays", plaintiff claimed to have been damaged to the extent of $1,940,474. The sixth cause of

action also referred to defendant's omissions and delays and plaintiff alternatively sought to recover under the theory of quantum meruit, claiming that defendant had materially breached and abandoned the contract.

Thereafter, on December 13, 1982, defendant stipulated to accept an amended verified complaint based on a promise that it made to issue a partial payment voucher for the contract balance. Plaintiff accordingly had reduced the amounts it sought for the contract balance as well as under the fifth and sixth causes of action. Evidently, the defendant failed or refused to issue said payment, and plaintiff, by motion, sought leave to serve a second amended verified complaint increasing the ad damnum clause to reflect the amount initially stated. The second amended verified complaint also added the following language which is in dispute: "that the defendant misrepresented conditions which it knew or should have known about * * * As a result thereof plaintiff was required to perform extra and additional work".

Defendant contends that article 13 of the contract, to wit, "[t]he Contractor agrees to make no claim for damages for delay in the performance of this contract occasioned by any act or omission to act of the City or any of its representatives", bars plaintiff's claims under its fifth and sixth causes of action.

An identical exculpatory clause has recently been interpreted by the Court of Appeals in *Kalisch-Jarcho, Inc. v City of New York* (58 NY2d 377, 385), wherein it was held that the exemption would not apply to willful or grossly negligent acts and would be unenforceable when "in contravention of acceptable notions of morality, the misconduct for which it would grant immunity smacks of intentional wrongdoing".

We find that plaintiff has raised triable issues of fact with regard to whether defendant's conduct was within the realm of wrongdoing beyond the sufferance of the exculpatory clause (*cf. Corinno Civetta Constr. Corp. v City of New York,* 107 AD2d 610). Further factual issues exist as to whether the delays were within the contemplation of the parties when they entered into the contract (*see, Shalman v Board of Educ.,* 31 AD2d 338; *Rao Elec. Equip. Co. v State of New York,* 36 AD2d 1019). An inquiry of this nature requires an exploration into the knowledge and intent of both parties and cannot be answered merely by reference to the motion papers submitted.

With respect to defendant's contention that plaintiff ought not be permitted to be recompensed for extra work because plaintiff failed to comply with specific provisions of the contract requiring written notice to the city, we find that plaintiff's allegation

that it was impossible to segregate the extra work from the contract work presents another triable issue of fact (*see, De Foe Corp. v City of New York,* 95 AD2d 793).

Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of triable issues (*see, Rotuba Extruders v Ceppos,* 46 NY2d 223).

We further find that Special Term properly granted plaintiff's motion for leave to serve a second amended verified complaint. Defendant has failed to demonstrate that it would suffer actual prejudice if the motion were granted (*see, Cenzoprano v Vanderbaan,* 95 AD2d 767).

We have reviewed defendant's other contentions and find them to be without merit. Titone, J. P., O'Connor, Lawrence and Eiber, JJ., concur.