■ Penelope Meyers et al., Doing Business as Meyers Contracting and Landscaping, Respondents, v Town of Coxsackie, Appellant.—Levine, J. Appeal from a judgment of the Supreme Court (Fromer, J.), entered March 19, 1987 in Greene County, upon a verdict rendered in favor of plaintiffs.

Defendant solicited bids for the construction of a sanitary sewer line. Plaintiffs submitted the low bid of $102,000 and were awarded the contract, which provided that the project was to be completed within a 45-day period, ending September 6, 1982.* Defendant was responsible for acquiring the necessary easements where the sewer line crossed privately owned property. There was evidence in the record that defendant, however, was unable to obtain an easement for the final 800 feet of one branch of the sewer line. Plaintiffs first learned

---

* The contract itself was not made part of the record on appeal, but the provisions referred to are not disputed by the parties.

that the easement had not been obtained 6 weeks into the project and they were forced to reschedule work because of this. In November 1982, plaintiffs were advised in writing to proceed with the work, but when they attempted to go onto the property, Sheriff's Deputies ordered them off. Defendant then informed plaintiffs that it was pursuing condemnation proceedings and plaintiffs remained ready to perform the work necessary to complete the project. Five weeks later, in mid-December 1982, defendant advised plaintiffs that there would be no further work on the sewer line until the 1983 construction season. Plaintiffs submitted a bill for costs incurred by the delay which defendant did not pay. When spring arrived and plaintiffs were not contacted to continue work on the project, they commenced this action for breach of contract.

At trial plaintiffs elected not to sue on the contract but to recover in quantum meruit for the services performed. Plaintiffs submitted evidence indicating that their expenses, including overhead and profit, exceeded the contract price. Supreme Court denied defendant's request to charge the jury that plaintiffs' damages be limited to those related to the period of delay attributable to defendant and not the entire period of the contract. The jury returned a verdict awarding plaintiffs $84,113.87, which, when added to the amount plaintiffs already were paid, exceeded the contract price by $54,542.94. This appeal by defendant ensued.

Defendant contends that plaintiffs' recovery on quantum meruit must be limited to only those damages incurred within the period of delay caused by defendant. We disagree. " 'It is well settled by authority that the plaintiff had the right of election, on the breach of the * * * contract by the owner * * * to maintain an action on the contract for the work performed and the material furnished and for his damages flowing from the failure of the owner to permit him to complete the contract or, as he did in this case, to abandon any claim on or under the contract and sue on *quantum meruit* for the work, labor and services performed and material furnished' " (Patten v Mi-Cal-Co, Inc., 26 AD2d 497, 498, *appeal dismissed* 20 NY2d 804, quoting *Raile v Peerless Am. Prods. Co.,* 192 App Div 506, 508; *see also,* 22 NY Jur 2d, Contracts, § 371, at 274; 2 NY PJI 907; 12 Williston, Contracts § 1459A, at 100 [Jaeger 3d ed]).

The cases relied on by defendant are inapposite as they involve plaintiffs who are suing on the contractual obligations and using a quantum meruit measure to compute only damages suffered by delay *(see, e.g., Manshul Constr. Corp. v*

*Dormitory Auth.,* 79 AD2d 383; *Rao Elec. Equip. Co. v State of New York,* 36 AD2d 1019). Here, plaintiffs did not sue for compensatory (contract) damages attributable to delay, but elected to give the breached contract no effect whatsoever and sought to recoup the fair value of their partial performance *(see, Najjar Indus. v City of New York,* 68 NY2d 943).

It follows from the foregoing that Supreme Court did not err in admitting evidence or charging the jury in connection with plaintiffs' theory of rescission and recovery on the various elements of quantum meruit *(see, Whitmyer Bros. v State of New York,* 47 NY2d 960, 962). Moreover, under this theory it is permissible for plaintiffs' damages to exceed the contract price *(see, Smith v Brocton Preserving Co.,* 251 App Div 102, 103-104; *see also,* 12 Williston, Contracts § 1485, at 304-306 [Jaeger 3d ed]). In this case, the jury's verdict is supported by the evidence adduced at trial; hence, it will not be disturbed.

We have considered defendant's other contentions and find them to be without merit.

Judgment affirmed, with costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.